A. C. PALMER, APPELLEE, V. SAUNDERS COUNTY, APPELLANT.

FILED OCTOBER 8, 1928. No. 26442.

*Slama & Donato*, for appellant.

*E. S. Schiefelbein, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

THOMPSON, J.

A. C. Palmer, an employee of Saunders county, lodged a claim for compensation with the commissioner on December 31, 1926, for an alleged accidental injury received by him on June 17, 1926, arising out of and in the course of his employment while operating the county's road maintainer on a public highway. At the time of such injury he was 59 years of age and was, and had been, receiving as wages the sum of $25 a week. Such claim was approved and an award entered of $15 a week for temporary total disability from July 5, 1926, until disability ended, and further ordered payment of medical and hospital expenses, but without determining the amount of either. From this award the county appealed to the district court. After the issues were duly joined, and the case had proceeded to trial, and his and other testimony taken, to wit, on October 20, 1927, Palmer died leaving surviving his wife, appellee herein, and their two minor children, aged 10 and 16 years respectively, each and all being members of his household and wholly dependent upon him for support. On the application of such wife, the county consenting, the action was revived in her name, however without bond, without mention of such children, and without amendment of pleadings; trial proceeded to judgment, which was one affirming the award of the commissioner and fixing the amount of the medical and hospital expenses recoverable at $530.70, and in addition thereto allowed attorney fees in the sum of $250, and $768 as a penalty for waiting time; to reverse which the county appeals. The claimed errors, which we deem it necessary to determine, will be indicated as considered.

The entire record has received our most careful consideration, and from it we conclude that the challenge that the employee failed to serve or make claim on the county,

as required by law, is without merit, as the county, by and through its officers, had knowledge of the accident at the time or within a few days, and the employee notified the county of his claim for compensation within two months thereafter. Thus, section 3056, Comp. St. 1922, did not deny him recovery; and, as his petition was filed with the commissioner within one year after the alleged cause of action arose, neither did section 3061, Comp. St. 1922, deny such recovery.

It is further contended on the part of appellant that the judgment is contrary to law. The law applicable to the situation hereinbefore disclosed, so far as material to our present consideration, is as follows: Section 3046, Comp. St. 1922, provides, in substance, that the death of an injured employee, entitled to disability compensation, ends such disability; "but the employer shall thereupon be liable for the following death benefit in lieu of any further disability indemnity: If the injury so received by such employee was the cause of his death and such deceased employee leaves dependents as hereinbefore specified wholly or partially dependent on him for support, the death benefit shall be a sum sufficient, when added to the indemnity which shall at the time of death have been paid or become payable under the provisions of this article to such deceased employee, to make the total compensation for the injury and death equal to the full amount which such dependents would have been entitled to receive under the provisions of the next preceding section, in case the accident had resulted in immediate death; and such benefits shall be payable in the same manner and subject to the same terms and conditions in all respects, as payments made under the provisions of said next preceding section. No deduction shall be made for the amount which may have been paid for medical and hospital services and medicines or for the expenses of burial." The section referred to in the above quoted section is section 3045, which reads in part as follows: "If death results from injuries and the deceased employee leaves one or more dependents wholly dependent upon his earnings for support at the time of the

accident causing the injury, the compensation, subject to the provisions of the next following section (section 3046), shall be sixty-six and two-thirds per centum of the wages received at the time of the injury, but the compensation shall not be more than fifteen dollars per week or less than six dollars per week. * * * This compensation shall be paid during dependency, not exceeding three hundred and fifty weeks from the date of the accident causing such injury." As to the procedure in such case we have section 3067, Comp. St. 1922, which provides: "In case of death, where no executor or administrator is qualified, the said court shall, by order, direct payment to be made to such persons as would be appointed administrator of the estate of such decedent, upon like terms as to bond for the proper application of compensation payments as are required of administrators." Section 1293, Comp. St. 1922, as amended by chapter 73, Laws 1925, gives to the widow a preferential right of appointment as administratrix of the estate of her deceased husband.

As we have seen, the application for revivor was made by the widow, which, under the statutes above quoted, was proper. Yet she failed to mention the other dependents, as under this record she should have done. She did not tender, and neither did the court require her to give, a bond safeguarding the rights of the two minors; further, the judgment rendered is indefinite as to the length of time the weekly payments should continue; and this notwithstanding under the statutes such a bond is required, and such payments are limited to a period not to exceed 350 weeks. A fairly liberal construction of the above statutes, under the record before us, warrants the conclusion that, upon the death of the employee (husband and father), an administrator of his estate could have been appointed who, after qualifying, could have had the action revived in his name, as such, without giving an additional bond, or the dependent widow upon giving the required bond, or, on her failure to apply, either of such dependent children through their proper guardian might have, or either two or the three together could have, made the motion,

and, on compliance with the statute, had the action revived. However, in either case the pleadings should name the dependents and contain facts sufficient to bring such applicants for revivor within the statutes quoted. That is, the pleadings should contain all essential jurisdictional facts, as well as all facts necessary to reflect the true situation, and the final judgment rendered at the conclusion of the trial should be within the facts pleaded and the law applicable thereto. Neither the procedure nor the final judgment rendered in the instant case meets the above indicated statutory requirements. Hence, such judgment is contrary to law. The above conclusions as to who may revive the action in case of death of the injured employee are in harmony with our holding in *Coster v. Thompson Hotel Co.*, 102 Neb. 585.

This renders it unnecessary to further consider the evidence, or the other claimed errors presented. However, it may be well to state that we find that the issues as well as the evidence of the claimant, appellee, rendered the testimony sought to be elicited by questions 1008 and 1009, propounded by appellant, acutely material and competent, and prejudicial error was committed by the trial court in sustaining objections thereto. In this conclusion we are sustained by section 8841, Comp. St. 1922, as amended by chapter 74, Laws 1925.

The judgment of the trial court is reversed and the cause remanded for retrial, with directions to permit substitution or amendment of pleadings in conformity with this opinion.

REVERSED.