ANNA COSTER, ADMINISTRATRIX, APPELLEE, V. THOMPSON
HOTEL COMPANY, APPELLANT.

FILED JUNE 15, 1918. .No. 20613.

1. **Master and Servant:** WORKMEN'S COMPENSATION ACT: ACTION FOR
   COMPENSATION: PARTIES.   Sections 3665, 3685, Rev. St. 1913, con-
   strued, and *held* that an action to recover compensation for death
   may be brought either by the dependent or dependents entitled
   thereto, the legal guardian or trustee of a minor dependent, or
   by the executor or administrator of the deceased.

2. ———: ———: ACCIDENT IN COURSE OF EMPLOYMENT. A workman
   injured by collision with a street car while on the way to pro-
   cure materials to be used in the work for which he was em-
   ployed, and the ordering and procuring of which materials was
   a common incident of his duties, was injured "by accident arising
   out of and in the course of employment" (Rev. St. 1913, sec.
   3650), and his dependents became entitled to compensation.

APPEAL from the district court for Lancaster county:
WILLIAM M. MORNING, JUDGE. *Affirmed.*

*Gurley & Fitch* and *Ralph M. West,* for appellant.

*Strode & Beghtol, contra.*

LETTON, J.

This is an action under the Workmen's Compensation
Act for compensation for the death of Peter J. Coster,
the husband of plaintiff. The court awarded compensa-
tion, and defendant appeals.

The deceased was engineer and general foreman of
mechanical work for a hotel owned by the defendant.  He
had complete charge of the engine room, in which there
were eight or nine men employed, and of other men doing
mechanical work.  He had authority to buy materials and
to employ and discharge men in his department, was not
required to report to the hotel for duty at any particular
hour, and had no regular hours.  About the time of his
death some plumbing work was in progress at the hotel
under his direction.  It was his custom to buy materials
and, if quickly needed, take them to the hotel himself. On
the morning of the accident, before he left his home, he

gave directions by telephone to some of his men as to their work, he also telephoned to a material company with reference to the purchase of materials to be used in the hotel, and further arranged with a plumber that he would call for some plumbing supplies and take them to the hotel. Such acts were ordinary incidents of his employment. On the way, and before he reached the plumber's shop, the motorcycle which he was riding collided with a street car, and injuries were caused which resulted in his death.

Two contentions are made: First, that in such an action as this the defendants, and not the administrator of the deceased, are the proper parties to bring the action. The statute is a little peculiar. Section 3665, Rev. St. 1913, provides in part: "The death benefit shall be directly recoverable by and payable to the dependent or dependents entitled thereto, or their legal guardians or trustees." Section 3685, Rev. St. 1913, provides: "In case of death, where no executor or administrator is qualified, the said court shall, by order, direct payment to be made to such persons as would be appointed administrator of the estate of such decedent, upon like terms as to bond for the proper application of compensation payments as are required of administrators." These sections, construed together, seem to authorize recovery to be had by the dependent or dependents themselves, their legal guardian or trustees, the executors or administrator of the deceased, and, if no such representative be qualified, the payment may be made "to such persons as would be appointed administrator of the estate of such decedent." The statute is confusing upon its face and inconsistent, but it should be liberally construed, and, if it is borne in mind that its object is to furnish compensation to those dependent on the deceased for support, it does not seem very important in whose name the action is brought, so long as the relief is sure to reach the proper party. If the dependent is of full age, apparently the action can be brought in the individual name and the

death benefit be directly recoverable by, and payable to him or her. If a minor, the action may be brought by and the money paid to the legal guardian or trustee. If an administrator or executor is appointed for the deceased, the action may be brought and the money be paid to that officer, to be applied under the direction of the county court for the benefit of the persons designated in the statute. The provisions of section 3685 seem to be applicable only where an action is brought by one dependent and there are others entitled to share in the fund who are not parties to the suit. Evidently this section is for the protection of dependents who are not parties. Such dependents are made in a certain sense the wards of the court, and the intention is that the court shall protect their interest by seeing that, when compensation is paid to another than the dependent himself or his legal representative, security shall be taken that the money shall be paid as the statute directs.

The next point argued by the defendant is that the death "was not caused by accident arising out of and in the course of employment." We cannot take this view. It was a part of Coster's duty to obtain materials. He was his own master as to his hours and place where he might engage in his master's service. When he ordered material by telephone from his house he was in the course of his employment, and when he was accidentally struck and killed upon the street while on the way to procure materials, the accident arose out of the employment. Both the order for the goods and the going to procure them were strictly within his duties. The fact that he rode upon a motorcycle which he commonly used in performing errands and in going to and from his home, does not alter the case. He had the right to use such instrumentalities as were best fitted to perform his master's work.

The cases cited by the defendant do not seem applicable.

The judgment of the district court is

AFFIRMED.