## STATE EX REL. ANNA JACOBSON v. DISTRICT COURT OF HENNEPIN COUNTY.[1]

### December 5, 1919.

### No. 21,608.

**Workmen's Compensation Act — accident not caused by employment.**

The relator's husband worked for Minneapolis driving a sprinkler. He furnished his services and the use of his team and the running-gears of his wagon for a stated daily compensation. He worked eight hours a day, from 8 in the morning until 5 in the evening, with an hour off at noon. He fed and stabled his team at his own expense. One evening, after his day's work was done, he was killed by one of his horses while he was caring for it in his stable. It is *held* that the accident did not arise out of his employment and that he was not entitled to compensation under the Workmen's Compensation Act.

[1]Reported in 175 N. W. 110.

Upon the relation of Anna Jacobson the supreme court granted its writ of certiorari directed to the district court for Hennepin county and the Honorable William C. Leary, judge thereof, to review proceedings in that court brought under the Workmen's Compensation Act by relator, as employee's widow, against the city of Minneapolis, employer. Affirmed.

*John R. Coan,* for relator.

*C. D. Gould* and *W. G. Compton,* for respondents.

DIBELL, J.

Certiorari to the Hennepin district court to review its judgment denying compensation to the relator under the Workmen's Compensation Act for the death of her husband.

The relator's husband, Charles Jacobson, was employed by Minneapolis. He was driving a sprinkling wagon. He furnished his team and the running-gears of the wagon. The city furnished the tank. He kept the sprinkler in the rear of his house and stabled his horses in his barn on his premises and fed and cared for them at his own expense. He worked eight hours a day commencing at 8 and quitting at 5, with an hour off at noon, and received for his services and the use of his team and wagon six dollars per day.

On the day of his injury he had finished his day's work, had gone home and stabled and fed his horses, and had eaten his supper. After supper he went to the stable to doctor one of his horses which had a sore neck. While he was so engaged the horse killed him.

The Workmen's Compensation Act gives compensation to an employee for a personal injury caused by an "accident arising out of and in the course of his employment." G. S. 1913, § 8195. It does not give compensation to employees "except while engaged in, on or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of such service as such workmen." G. S. 1913, § 8230 (i).

The facts stated give no right to compensation. The plaintiff's work for the day was done. He was not to do service for the city until the next morning. The horses were his and he fed and cared for them and furnished them and his wagon ready for work at a definite time. The

accident did not arise out of his employment any more than would an accident which came while he was repairing his wagon or while doing other work in preparation for his next day's work for the city. The relator cites cases where a teamster, injured while caring for his horses after their work for the day was done, was allowed compensation. Smith v. Price, 168 App. Div. 421, 153 N. Y. Supp. 221; Costello v. Taylor, 217 N. Y. 179, 111 N. E. 755; Suburban Ice Co. v. Industrial Board, 274 Ill. 630, 113 N. E. 979. They involve situations where a teamster was doing work for his employer in the care of his employer's team and as a part of the work for his employer. In none of them did the employee furnish his team ready for work, and receive an injury while caring for it out of the work hours for his employer. The distinction is obvious and basic. Nothing said should be understood as an intimation that one employed, as was relator's husband, would not have compensation if injured by horses which he was using at the time in his work for his employer, though it chanced that he owned them.

Judgment affirmed.