## FRANK KOUBEK v. W. S. GERENS, AS JUNIOR MEAT MARKET.[1]

December 17, 1920.

No. 21,966.

**Workmen's Compensation Act—accident after completion of day's work.**
As a general rule, an injury sustained by an employee while on his way home, after completing his day's work, does not arise out of his employment so as to entitle him to compensation under the Workmen's Compensation Act.

Action in the district court for Ramsey county to recover $7,300 for injuries received from the negligent driving of defendant's automobile truck. The case was tried before Olin B. Lewis, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $3,750. From an order denying his motion for judgment notwithstanding the verdict, defendant appealed. Affirmed.

*A. G. Briggs* and *Charles H. Weyl,* for appellant.

*T. P. McNamara,* for respondent.

QUINN, J.

In June, 1919, plaintiff was in the employ of the city of St. Paul, as foreman of one of its street flushing crews. The city has seven street flushers. Each consists of a large water tank mounted on wheels, drawn by horses. At the rear of the tank is a four-horse gasolene engine, to propel water from the tank through a pipe set close to the ground. There were two crews, a day and a night crew, each made up of six men and a foreman. Plaintiff was foreman of the day crew, and

[1]Reported in 180 N. W. 219.

it was his duty to see that the gasolene engines on the flushers were in order. The foreman of the night crew was privileged to call on him for assistance.

On the day of the accident the plaintiff started to work at 7 o'clock in the morning and quit at 4 in the afternoon, having worked eight hours. He then went to a drug store to get a magazine, conversed for some time with a friend about a proposed fishing trip, then started home. On his way he stopped and gave some checks to a driver, to be delivered to a third party, then recrossed the street and stood on the corner talking with a grocer until an hour had passed after quitting work. A flusher on which he had repaired the engine passed by. Plaintiff stepped into the street, placed his hand on the moving flusher and followed it about 50 feet, listening to the working of the engine, when an auto truck, owned by the defendant and operated by one of his employees, came from the rear and struck the plaintiff, fracturing his left leg above the knee.

This action was brought by the plaintiff against the defendant to recover for such injury alleged to have been caused by the negligence of the defendant and his employees. Plaintiff had a verdict. Defendant moved for judgment notwithstanding the verdict, which was denied. This appeal is from the judgment thereafter entered.

The sole question here presented or argued is whether the plaintiff's injury arose out of and in the course of his employment, under such circumstances that he is governed by the Workmen's Compensation Act.

It is alleged in the complaint that, while plaintiff was walking upon Ramsey street by one of the street flushing wagons inspecting and examining the working motor thereon, defendant negligently ran one of its auto trucks at a high, dangerous and unlawful rate of speed upon and against the plaintiff, thereby injuring him, etc. In the answer defendant alleges that plaintiff was guilty of contributory negligence, that his auto, at the time of the accident, was operated by an employee of his, whose duty it was to drive said auto and make deliveries, that said employee was operating said auto in the course of his employment, and that the accident arose out of and in the course of his employment. He further alleges that he and the city of St. Paul are employers subject

to the provisions of the Workmen's Compensation Act, and, if there is any liability on the part of the defendant to plaintiff, the amount of said liability is fixed and determined by said act. The reply is a general denial of all new matter set forth in the answer.

Section 8230, G. S. 1913 (subd. i), provides:

"Personal injuries arising out of and in the course of employment" shall be held "not to cover workmen except while engaged in, on or about the premises where their services are being performed, or where their service requires their presence as a part of such service at the time of the injury and during the hours of service as such workmen."

The burden is upon the defendant to show that the plaintiff was performing services for his master at the time of the accident, within the scope of his employment. Otto v. Duluth St. Ry. Co. 138 Minn. 316, 164 N. W. 1020.

It is not disputed but that an hour had elapsed after the plaintiff had completed his day's work when the accident occurred, unless his mere stepping into the street and listening to the working of the engine on the passing flusher renewed his duties and extended his day's work. We do not think so. Such an act could hardly be said to amount to overtime as suggested by appellant. It merely shows the plaintiff's interest in his work. He had repaired the engine shortly before, and, as he explained, he undertook out of curiosity to ascertain whether it was working well. He was not duty bound so to do at that particular time. It was a voluntary act on his part, for which he could not expect to be reimbursed in wages. It could have required but a few seconds of time.

It is well settled by recent decisions of this court that an employee is not, as a general rule, within the compensation act while on his way home after completing his day's work. Otto v. Duluth St. Ry. Co. supra; Erickson v. St. Paul City Ry. Co. 141 Minn. 166, 169 N. W. 532; Podgorski v. Kerwin, 144 Minn. 313, 175 N. W. 694; State v. District Court of Hennepin County, 144 Minn. 259, 175 N. W. 110; Nesbitt v. Twin City F. & F. Co. 145 Minn. 286, 177 N. W. 131. We think the

trial court was right, that under the circumstances in this case the plaintiff was properly permitted to recover in this action.

Affirmed.

DIBELL, J. (concurring).

I concur in the result. There was a verdict for the plaintiff. There was a motion for judgment notwithstanding, but no motion for a new trial. With the record so the defendant can have a reversal only in the event that it conclusively appears that the plaintiff was in the course of his employment by the city at the time of his injury. The opinion holds that as a matter of law he was not in the course of his employment. A holding that the evidence does not require a finding that the plaintiff was in the course of his employment is enough to sustain the judgment. The opinion necessarily concludes another employee, having the situation of the plaintiff, upon a claim that it might be found as a fact that he was in the course of his employment at the time and entitled to compensation from his employer under the compensation act. I prefer that such a claim be left undecided here and that it be met when it is necessary to the decision of a controversy.