## MARKO JOTICH v. VILLAGE OF CHISHOLM.[1]

### January 7, 1927.

### No. 25,397.

**Accident did not arise out of or in course of man's employment.**

An employe with his own team was hauling dirt at a stated price per day or hour and, as the noon hour approached, with the permission of the employer, he drove from the place of hauling to his home, about a mile distant, to eat and to feed his team, and while engaged in unhitching his team he suffered an accidental injury. It is *held*: The finding that the accident did not arise out of or in the course of the employment cannot be disturbed.

Workmen's Compensation Acts,—C. J. p. 78 n. 1; p. 84 n. 60.

---

See notes in L. R. A. 1916A, 331; L. R. A. 1917D, 119; L. R. A. 1918F, 907.

Certiorari to review an order of the Industrial Commission refusing an award of compensation in a proceeding under the Workmen's Compensation Act. Affirmed.

*Alger R. Syme*, for relator.

*Frank M. Talus*, for respondent.

[1] Reported in 211 N. W. 579.

HOLT, J.

Certiorari to review the refusal of the Industrial Commission to award compensation to an injured workman.

Relator with his team hauled earth for the village of Chisholm and was paid $8.50 per day. The village furnished the dump-wagon he used. At noon and at quitting time in the afternoon, the men were allowed to leave a few minutes before the full working time was finished. On the day in question relator left the place of work in the north part of the village at about 25 minutes to 12 and drove to his home about a mile distant in the south part of the village for his lunch and to feed his team. As he was unhitching in the rear of his home, the team suddenly started pulling the wagon over him, fracturing a leg and causing other severe injuries.

The commission adopted the findings of the referee, the controlling one of which is: "That said accident did not arise out of and in the course of" relator's employment. We are unable to distinguish this case from State ex rel. Jacobson v. District Court of Hennepin County, 144 Minn. 259, 175 N. W. 110. The clause "personal injuries arising out of and in the course of employment" is by subd. (j), § 4326, G. S. 1923, declared: "Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their services requires their presence as a part of such service, at the time of the injury, and during the hours of service as such workmen." Relator was a mile away from the premises where his services were performed or were required, and at the time of injury his presence as a part of the service rendered the village was not required at his home where the injuries were received. It is true the accident happened about 10 minutes before 12, but he had been permitted to leave his work, so it did not occur during the hours of service as such workman. He was not employed to care for or feed his team, any more than he was to attend his own wants. Had he been injured while going in to partake of his own meal after stabling the team, no reasonable claim could have been made that the injury arose out of or in the course of the employment. In driving from his work to his home

he was performing no service for the employer, and was attending solely to his own wants and those of his own chattels.

Relator confidently cites Brown v. Bristol Last Block Co. 94 Vt. 123, 108 Atl. 922, as one on all fours with his case. There the finding was that the accident arose out of and in the course of the employment. The decision indicates that the inquiry before the commissioner, who made the finding, was directed to the point whether the accident happened while Brown was resting at the noon hour, and while the horses were eating or just after and before work for the afternoon was resumed, the employer maintaining that unless work had been resumed when the accident happened there could be no compensation. The court held this contention unsound, citing Ingram's Admrx. v. Rutland R. R. Co. 89 Vt. 278, 95 Atl. 544, Ann. Cas. 1918A, 1191, a common law action to recover for the death of an employe, where the question was whether he was within the scope of the employment when the accident happened. In the Brown case the court properly approved the rule that every digression from the service does not sever the relation of master and servant. The opinion leaves it to be inferred that the accident took place on the premises of the employer or where it was contemplated the employe was to remain during the lunch hour. But it is to be noted that in the Vermont compensation law there is not found the restrictive provision above quoted from § 4326. A case more in accord with the facts here present and with our statute is Morey v. City of Battle Creek, 229 Mich. 650, 202 N. W. 925, 38 A. L. R. 1039. See also Hills v. Blair, 182 Mich. 20, 26, 148 N. W. 243; Pearce v. Michigan Home & Training School, 231 Mich. 536, 204 N. W. 699.

We are of opinion that, under the restrictive definition of the clause, "personal injuries arising out of and in the course of the employment" and the undisputed facts, the findings adopted by the Industrial Commission must be sustained and its decision cannot be disturbed.

Affirmed.