### SELMA ROSVALL v. CITY OF DULUTH.[1]

April 12, 1929.

No. 27,315.

*Nelson & Cedergren* and *R. Vern Eckman,* for relator.
*John B. Richards* and *Harry E. Weinberg,* for respondent.

DIBELL, J.

Certiorari on the relation of Selma Rosvall to review the order of the industrial commission denying compensation for the death of Carl J. Rosvall, an employe of the city of Duluth, the husband of Selma Rosvall.

[1]Reported in 224 N. W. 840.

Rosvall was employed with his team by the city in work on the streets. On March 8, 1928, when on his way with his team and a dump cart belonging to the city to his place of work his horses became fractious, and in his efforts to control them he sustained a strain which resulted in a rupture of the heart causing his death within a few minutes. There is no question as to the relation of cause and effect between the accident and the death. The only question is whether the death arose out of or in the course of his employment.

Rosvall had been working for the city many years. He furnished a team. His employment at this particular time was intermittent. The meeting place in the morning was at the tool-house at Fourteenth avenue west and Superior street and the time was eight o'clock. The men worked eight hours; and Rosvall, when the quitting time came, left his work, wherever he might be, and drove home without reporting at the meeting place. He had a wagon of his own which he sometimes used. He sometimes used a dump cart of the city, as he was doing on the morning when he met his death. He kept the dump cart on his own premises. He did not give it shelter or storage or care but left it in his yard as a matter of convenience.

G. S. 1923 (1 Mason, 1927) § 4326(j), is as follows:

"Without otherwise affecting either the meaning or interpretation of the abridged clause 'personal injuries arising out of and in the course of employment.' It is hereby declared:

"Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their services requires their presence as a part of such service, at the time of the injury, and during the hours of service as such workmen; provided, that where the employer regularly furnishes transportation to his employes to or from the place of employment, such employes shall be held to be subject to this act while being so transported, but shall not include an injury caused by the act of a third person or fellow employe intended to injure the employe because of reasons personal to him, and not directed against him as an employe, or because of his employment."

We are compelled to the conclusion that the finding of the commission that the accident did not arise out of or in the course of Rosvall's employment is sustained.

The first part of the section quoted excludes such a case by positive language. It was so held in Jotich v. Village of Chisholm, 169 Minn. 429, 211 N. W. 579, under very similar facts. The claim of the relator necessarily is based upon the fact that Rosvall was using the city's wagon. If he had taken his own and the same accident resulted there would be no serious claim. There is nothing in the fact that the wagon belonged to the city requiring a finding different from that of the commission. It is not found that Rosvall was required to bring the city's wagon to the tool-house though concededly he was in the rightful use of it. As a matter of convenience he took the wagon home when he quit work for the day, not returning to the tool-house, which was the meeting place mornings. If he had been sent for the wagon and had been injured when returning with it, or if he had kept the wagon at his home and stored and cared for it there as a part of his service to the city, a different finding might be suggested.

The proviso in the statute quoted with reference to the furnishing of transportation we think without force. This proviso came into the statute by L. 1923, p. 398, c. 300. It may be conceded that it was enacted because of Nesbitt v. Twin City F. & F. Co. 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165, and that it permits compensation in such a case as that. We think that in no proper sense was the city furnishing transportation within the meaning of the statute.

In 38 A. L. R. 1041, and 48 A. L. R. 1400, the cases are collected and the briefs of counsel consider all of them. Nothing would be gained by a prolonged discussion of them here.

Order affirmed.