CARL LORENZ v. WM. LORENZ TRUNK WORKS AND ANOTHER.[1]

December 9, 1932.

No. 29,170.

*C. E. Warner* and *Mark F. Crotty,* for relator.

*J. F. Boyles,* for respondent employer and its insurer, Hartford Accident & Indemnity Company.

HOLT, J.

Certiorari to review a decision of the industrial commission denying relator compensation for accidental injuries.

Relator lived about one and a half miles from Eureka near Lake Minnetonka. In the summer of 1931 both railroad trains and street cars were available for transportation between Eureka and

[1]Reported in 245 N. W. 615.

Minneapolis. Relator was employed in the Wm. Lorenz Trunk Works at Minneapolis, operated by his brother, C. W. Lorenz. On the morning of August 15, 1931, relator started for his place of work in his Ford coupé. It was raining, and near Eureka the car skidded and ran against a tree. Relator was severely injured, one of the injuries being a fracture of the patella of the left knee. After the knee had healed so that he could walk around with the aid of a cane, relator accidentally fell in his back yard on November 28, 1931, resulting in a refracture of the patella.

Prior to August, 1931, relator was receiving $22.50 as his weekly wages. He used his car to deliver trunks and traveling bags to customers in the city, but his principal work was in the office of the employer. If a package was to be delivered between the factory and his home, as happened on a few occasions, he would take it along on his trip home. About August 1, 1931, all employes of respondent were required to take a five-dollar cut in their weekly wage. Relator told his brother that he could not afford to use his car in the work if wages were so reduced, and his brother replied that $2.50 would be allowed for gas and oil for the car; that he could keep account of the cost of those two items, and if not deemed enough the matter could be better adjusted later. After the injury, presumably the insurer sent someone to get a statement from relator as to the arrangement between him and the employer. He now admits that he gave this statement:

"When using the car in my work I was not allowed mileage or expense, except once in a while my brother would give me five or ten gallons of gasolene. This was done by him when he was riding with me. I think this was done out of his own pocket and did not come from the company."

When this statement was called to his attention at the hearing, he admitted he made it and that it was true; but claims that he did not think at that time of the agreement of August 1, wherein $2.50 for gas and oil should be allowed in the weekly wage of $20.

Relator used his car mostly for his own convenience in going to and returning from his work. When so engaged he was not on his

employer's premises or where his duties as an employe required him to be and during the hours of service. 1 Mason, 1927, § 4326(j). Had he been accidentally injured while carrying a package of his employer for delivery or while returning from such delivery, it could then be said as a matter of law that the accident arose out of and in the course of his employment. But the mere fact that on the day of the accident he was to come early, for there was much delivering to be done, does not compel a conclusion that the moment he left his home in the auto he was in the course of his employment. He went in his car from his home to the factory every day without regard to whether any trunk or package was to be delivered or not. State C. Ins. Fund v. Industrial Comm. 89 Colo. 426, 3 P. (2d) 414, relied on by relator, was a case where a teacher, employed at the State Agricultural Farm, owned a truck and also a car. He could come and go from his home to his duties at the farm by either conveyance. But occasionally the superintendent wanted the use of the truck on the farm and would request the teacher to bring it. In driving the truck to the farm in response to such a request the teacher was injured, and it was held to have been an accident arising out of and in the course of the employment. Whether an accidental injury arises out of and in the course of the employment is a question of fact to be determined by the industrial commission, and its finding cannot be disturbed by this court unless the evidence is such that reasonable minds could not arrive at the conclusion the commission arrived at. This has been held so often that it is needless to refer to the decisions.

Considering the different and distinct uses to which the car was put—at times for the sole pleasure and use of relator and his family, at other times solely in the business of the employer—and the conflict between relator's testimony and his previous statement, above set forth, we think the principle of O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430, is not applicable. State ex rel. Jacobson v. District Court, 144 Minn. 259, 175 N. W. 110; Jotich v. Village of Chisholm, 169 Minn. 428, 211 N. W. 579; McCarty v. Twin City E. & P. Assn. 172 Minn. 551, 216 N. W. 239; Rosvall v. City of Duluth, 177 Minn. 197, 224 N. W. 840; Hasslen v. Carlson &

Hasslen, 180 Minn. 473, 231 N. W. 188, are cases where, on somewhat similar facts, findings that the accidental injury to the employe did not arise out of or in the course of his employment were sustained. Relator cites Meyer v. Royalton Oil Co. 167 Minn. 515, 208 N. W. 645; Schonberg v. Zinsmaster Baking Co. 173 Minn. 414, 217 N. W. 491; Manley v. Harvey Lbr. Co. 175 Minn. 489, 221 N. W. 913; and Fabio v. City of St. Paul, 181 Minn. 601, 233 N. W. 467. With the exception of the Manley case, 175 Minn. 489, 221 N. W. 913, the findings were that the accidental injury to the employe arose out of and in the course of the employment. In the Manley case it was held that the evidence compelled a finding contrary to that made by the commission. The cases from other jurisdictions relied on by relator are also where the findings were that the accidental injury to the employe arose out of and in the course of the employment, viz: Bisdom v. Kerbrat, 251 Mich. 316, 232 N. W. 408; Merriman v. Manning, Maxwell & Moore, 251 Mich. 318, 232 N. W. 409; Coster v. Thompson Hotel Co. 102 Neb. 585, 168 N. W. 191; Schmiedeke v. Four Wheel Drive Auto Co. 192 Wis. 574, 213 N. W. 292. In our opinion the evidence does not warrant this court in holding the assailed finding unsupported.

The writ is discharged, and the decision stands affirmed.