# Wytheville

MARTHA FRANCES GARRIS v. PEOPLES SERVICE DRUG STORES, INC.

June 14, 1934.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Venable, Miller, Pilcher & Parsons,* for the plaintiff in error.

*Williams, Loyall & Taylor,* for the defendant in error.

EPES, J., delivered the opinion of the court.

This case presents the rather unusual situation of an employee (Miss Garris) seeking to have it held that she is not entitled to compensation from her employer (Peoples Service Drug Stores, Inc.) under the Workmen's Compensation Act (Acts 1918, ch. 400, as amended), in order that she may bring suit against her employer on its common-law obligations. While in the opinion of the Commission Miss Garris is referred to as the claimant, the proceedings before the Industrial Commission were in fact instituted by the employer. The opinion of the Industrial Commission, which was rendered by Chairman Nickels, states the case very well. So far as it is here material it reads:

"The claimant, Miss M. F. Garris, was employed in the capacity of cashier in the Portsmouth store of the employer. Pursuant to a change in policy, after claimant's services had been first engaged, the management of the employer held meetings once a week over one of its stores in the city of Norfolk, Virginia. At these meetings a lecturer employed by the employer made certain talks with the object of increasing efficiency in sales and otherwise conducing to the mutual advantage of employer and employee. The time consumed by the claimant in traversing the distance to and fro for the attendance at the lectures was not a part of that allotted for her usual duties as cashier. There was no extra compensation in the form of wages paid for the additional time consumed in attendance at these lectures. It was shown that all employees were notified thereof and were expected to be in attendance thereat. In event of an absence from one of the

lecture periods, an explanation thereof was demanded. The testimony was conflicting in its relation to the right of the employer to discharge an employee for failure to attend the meetings at the appointed hour. However, it was definitely established by the manager of the store in which claimant worked that attendance was demanded, and that failure to attend, without good excuse, was held to display such lack of interest in the enterprise of the business as to ultimately lead to a dismissal for unsatisfactory services. This witness further testified that, although claimant had fixed hours for work, she was subject to call at any time her services were required at the store.

"The claimant was struck by a falling electric fixture in the rear of the Norfolk store, while awaiting the arrival of the lecturer, for the purpose of conducting one of the regular Wednesday meetings. The fixture was insecurely attached to its fastenings, evidently caused by the porter having failed to secure it on the occasion on which it had last been cleaned. This fixture struck the claimant on the head and near the bridge of the nose, causing certain injuries which, for sake of the record, were admitted as disabling from the date of the accident, which occurred on January 11, 1933.

\*     \*     \*     \*     \*     \*     \*     \*

"The claimant contends that the accident occurred independently of the relationship of master and servant, a position tantamount to [asserting] lack of jurisdiction on the part of the Industrial Commission. On the converse, the employer contends that such relationship existed and that the rights of the claimant should be determined under the Workmen's Compensation Act rather than in a common-law damage case, the same carrier being the insurer of both risks.

\*     \*     \*     \*     \*     \*     \*     \*

"A decision dismissing the case from the docket on the ground that the relationship of master and servant did not exist is the equivalent of making the visit by

claimant to the Norfolk store a voluntary one. The facts proven and the reasonable inferences therefrom do not support the theory that claimant was a volunteer. On the other hand, it is shown that the claimant was directed to go to the lecture. It was by virtue of the relationship of master and servant that she attended the meeting; assuredly, it was not independent of the relationship. The purpose of the lectures were of much mutual benefit and they were reasonably incidental to the employer's trade or business.

"The fact that claimant received no additional compensation for the time consumed in going to and fro in attendance upon the lecture is of no great importance. The material consideration relates to the fact that the claimant was directed to report for the lectures by virtue of the relationship of master and servant, for, otherwise, the claimant would have been a mere volunteer. The arrangement was perfected for the ultimate development of sales and service to customers, and, as such, is an incident to the business enterprise in which the employer was engaged.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"It is our conclusion that the accident occurred in the discharge of a duty demanded by the employer, and in the furtherance of its business enterprise; any other conclusion would be incompatible with the record.

"An award shall issue in favor of the claimant, at the rate of $7.70 per week, beginning on January 11, 1933, and continuing until subsequent conditions justify a modification of same. All arrears of compensation shall be paid in one sum on receipt hereof, those accruing thereafter shall be paid as hereinbefore directed. In addition, the employer shall pay the medical expenses incurred pursuant to the provisions of the act, also the costs of this proceeding.

"From the foregoing award the sum of $25 shall be deducted and paid to counsel representing the claimant in this case as fee for services rendered."

The real point raised by the assignments of error made by the appellant is that the evidence shows that the accident to Miss Garris did not arise out of and in the course of her employment.

Upon examination of the evidence we are of opinion that the findings of fact made by the Industrial Commission are supported by the evidence, and that the accident did arise out of and in the course of her employment. Miss Garris' own testimony refutes her contention that at the time she was injured she was in the Norfolk store on her own business and not that of her employer.

The judgment and award of the Industrial Commission will be affirmed.

*Affirmed.*