## ELSIE NEHRING v. MINNESOTA MINING & MANUFACTURING COMPANY AND ANOTHER.[1]

January 4, 1935.

No. 30,025.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for relators.
*B. A. McLeod,* for respondent.

HOLT, JUSTICE.

*Certiorari* to review an award of the industrial commission.

The widow and minor son of Fred Nehring, deceased, sought and obtained compensation for his accidental death while an employe

[1]Reported in 258 N. W. 307.

of the relator Minnesota Mining & Manufacturing Company. The facts surrounding the death are these: The employer has its factory in the city of St. Paul about three miles from the home of Nehring. Nehring had worked for the company four or five years. He was a master electrician, and his work was confined to the factory of the employer. More than one shift was, at the time in question, used in the factory. He worked regular hours, for which his weekly wage was $50. He and other employes were required to come to the factory in case of emergency repairs, or the like, whenever called. For such work he was paid one dollar plus the regular wages for any time spent in excess of 15 minutes. On Sunday, June 12, 1932, Nehring received a call at his home to come to the factory to replace a fuse. He habitually rode a motorcycle in going to and from the factory. He left home on his motorcycle at 4 or 4:30 in the afternoon of this Sunday, replaced the fuse, and started for home. On the way back he stopped at a wayside store, bought some bananas and ice cream, mounted the motorcycle, and proceeded toward home. He had gone but a short distance when, in a collision with an automobile, he was so injured that death ensued.

The assignments of error attack the finding that on June 12, 1932, the employe, Fred Nehring, "sustained accidental injury arising out of and during the course of his employment" with the Minnesota Mining & Manufacturing Company which resulted in the employe's death. If the evidence sustains this finding of fact the conclusion of law rightly awarded compensation to respondents, the dependents of Fred Nehring.

1 Mason Minn. St. 1927, § 4326(j), reads:

"Without otherwise affecting either the meaning or interpretation of the abridged clause 'personal injuries arising out of and in the course of employment' it is hereby declared.: Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their services require their presence as a part of such service, at the time of the injury, and during the hours of service as such workmen; provided, that where the employer regularly furnishes transportation to his em-

ployes to or from the place of employment, such employes shall be held to be subject to this act while being so transported."

The above being a part of the workmen's compensation act, it is clear that an employe who is employed in a factory is not under the compensation act while going to or returning from the factory to his home unless he is furnished transportation to and from the factory by the employer. It was so held in Simonds v. Reigel, 165 Minn. 458, 206 N. W. 717; Jotich v. Village of Chisholm, 169 Minn. 428, 211 N. W. 579; Rosvall v. City of Duluth, 177 Minn. 197, 224 N. W. 840; Lorenz v. Wm. Lorenz Trunk Works, 187 Minn. 444, 245 N. W. 615; Kelley v. Northwest Paper Co. 190 Minn. 291, 251 N. W. 274. Therefore, had this accident occurred when Nehring, after finishing his regular day's work in the factory, was on his way to his home upon his motorcycle, his death would not be compensable, for it would not have been caused by an accident arising out of and in the course of the employment. It did not happen on the premises where his services were required nor during the hours of his ordinary service. But courts view emergency work, such as Nehring was called to do, from a different standpoint than the ordinary daily services performed for a weekly or daily wage. In his ordinary work the employe knows that he has to be at the proper place at a specified time to begin his services and continue them until a set time. Prior to the time set for beginning the service and after the services are ended for the day, the employe's time is his own. and he may dispose of it as he pleases. But if while so off duty from his regular employment he is called to do an errand or sent on a mission by the employer, the courts which have spoken on the subject hold it a special service begun the moment the employe leaves his home, or the place where the call comes to him, and ended only with his return. Such special employment, so begun and ended, may be implied from surrounding circumstances. The evidence showed that Nehring responded to approximately 25 emergency calls in the year 1932 up to June 12, the day of the fatal accident. When so called he was paid as above stated. This arrangement lends some force to the inference that the dollar in part paid for the time coming and going.

172

In State Comp. Ins. Fund v. Industrial Acc. Comm. 89 Cal. App. 197, 264 P. 514, 515 (supreme court denied hearing), an employe, an outside salesman, was instructed to return to the store after having his dinner at home, unlock the store to admit an electrician to do some work, and after it was finished to lock the store. The employe did as directed, and in returning home by street car he slipped and received an injury causing death. Compensation was awarded. The court said [89 Cal. App. 200]:

"Obviously, the service decedent was performing on the night he was injured did not have its inception at the store upon his arrival there, nor did it end there immediately upon leaving. It began the instant he left his home on the errand to go to the store for the purpose of allowing the electrical work to be done; and if, as has been held, the 'going and coming' rule does not apply to an employe who has sustained an injury in performing a business errand for his employer while *going* home (Sun Indemnity Co. v. Industrial Acc. Comm. 76 Cal. App. 165, 243 P. 892), it would not be reasonable to hold that the rule should apply where the employe is injured while *returning* to his home from the performance of a business errand."

In stating the rule that an employe is not under the compensation act while traveling to his place of work or in returning therefrom, the court, in Whitney v. Hazard Lead Works, 105 Conn. 512, 513, 136 A. 105, 106, states an exception thereto:

"Where the employe is subject to emergency calls, as in the case of a fireman."

Kyle v. Greene High School, 208 Iowa, 1037, 226 N. W. 71, held that an employe when called from his home to some extra service was under the compensation act from the time he left his home to go to the place of employment. Reisinger-Siehler Co. v. Perry, 165 Md. 191, 167 A. 51, 53, is much like the case at bar on the facts. The employe when off duty was called to the store, the place of his regular employment. On his way home, after performing his errand at the store, he was run into by an automobile. He was awarded compensation. The court said [165 Md. 198]:

"The record does not disclose any express agreement between him and his employer relative to the duties that he was to perform, or the remuneration he was to receive. Under his regular employment, his duties were to remain at the store during the day; but, in addition to this, he was, as we have said, when at home, subject to further duties when called upon. The times when these duties were to be performed were uncertain, as he was to go to the store only when unusual conditions existed there. What he was to do and the length of time he was to remain there were equally uncertain. * * * There was, we think, an implied agreement, from the nature and character of the employment of the claimant in the performance of the additional duties, that his employment was not to be restricted to the time in which he was at work at the store on such occasions. It was in the nature of an errand or mission in behalf of his employer, and when so treated his employment commenced at the time when he left his home to go to the store, and ended when he returned to his home."

To the same effect see Gibbs v. R. H. Macy & Co. Inc. 214 App. Div. 335, 212 N. Y. S. 428 (affirmed 242 N. Y. 551, 152 N. E. 423) ; Martin v. State Workmen's Ins. Fund, 108 Pa. Super. Ct. 570, 165 A. 514. In Voehl v. Indemnity Ins. Co. 288 U. S. 162, 53 S. Ct. 380, 383, 77 L. ed. 676, 87 A. L. R. 245, the employe was injured while on his way on a special mission to the employer's premises; but there was an agreement that his compensation should on such occasions run from the time he started on such mission until his return, and so differs from the case at bar. However, Chief Justice Hughes, rendering the opinion, uses this language, here pertinent [288 U. S. 169]:

"While service on regular hours at a stated place generally begins at that place, there is always room for agreement by which the service may be taken to begin earlier or elsewhere. Service in extra hours or on special errands has an element of distinction which the employer may recognize by agreeing that such service shall commence when the employe leaves his home on the duty assigned to him and shall continue until his return. And agreement

to that effect may be either express or be shown by the course of business. In such case the hazards of the journey may properly be regarded as hazards of the service and hence within the purview of the compensation act."

We purposely make no references to cases cited where the ordinary work of the employe seeking compensation for accidental injuries could be classed as traveling from place to place.

Relators make the point that the restrictive provisions above quoted from our compensation act make inapplicable the decision from jurisdictions not having like restrictions. This contention seems without substance, for in every jurisdiction from which come the cases cited, supporting the decision of the industrial commission, it is the established law that the employe is not under the compensation act while going to and from his work—hence the settled law is there as restrictive on the subject here involved as the provisions of our statute above quoted.

That the employe stopped at a store on his way home to buy and take home some ice cream and fruit cannot be regarded as a departure from his employment. The store was on the road he was traveling, and the stop was but momentary.

The award must stand, and the writ herein is quashed.

STONE, JUSTICE, took no part.