## ALICE M. WHALEN v. BESSIE BUCHMAN, DOING BUSINESS AS CHARIS OF DULUTH, AND ANOTHER.[1]

June 4, 1937.

No. 31,200.

*Hunt & Palmer,* for relator.
*Nelson & Cedergren,* for employe-respondent.

HOLT, JUSTICE.

On *certiorari* to the industrial commission the employer's insurer seeks to reverse its award of compensation to respondent. The commission found that respondent was in the employ of Bessie Buchman, doing business as Charis of Duluth, when, on February 11, 1935, she suffered an accidental injury which fractured several ribs, the right knee, and inflicted other serious bodily injuries; and that said accidental injury arose out of and in the course of the employment. She was awarded $2,020.95 for hospital, nurse, and medical expenses incurred, and compensation, during disability, in a certain sum.

[1]Reported in 273 N. W. 678.

The assignments of error challenge two findings as being without sufficient support. The first finding so attacked is that respondent was employed by Bessie Buchman when the accidental injury was received. It appears that the Charis Corporation, a Pennsylvania corporation, manufactures corsets. Since April, 1928, ladies in Duluth have been employed to canvass certain territory in Duluth, taking orders for corsets to be made by the Charis Corporation. These canvassers went to a certain building in Duluth wherein the husband of Bessie Buchman had an office, on the door of which was the sign "Charis" of Duluth. He was the manager. Bessie Buchman, his wife, was the fitter. The orders obtained by the canvassers were delivered at that office. Supplies by way of advertisements and blank orders were delivered to the employes by Mr. Buchman at this office. And all canvassers were required to come to the office on certain evenings to receive instructions in respect to the work. Upon the orders, or duplicate given the customer, was a guarantee of work and material of the garment by the Charis Corporation. About a year before the accident Mr. Buchman left the office in Duluth, and thereupon his wife took charge as manager. The canvassers collected enough from the customer when the order was taken to pay the commission the canvassers were to receive. The balance was paid at the office when the garment ordered was delivered. No agreement as between the manufacturer and the Duluth Charis office was shown. But we think on Mrs. Buchman's testimony alone the commission could well find that she was the employer of respondent when the accidental injury occurred.

The second finding assailed as unsupported by the evidence is this part thereof: "and that said accidental injury arose out of and in the course of said employment." On February 11, 1935, respondent, after supper, walked to Grand avenue and Forty-fifth avenue in West Duluth, to take the streetcar to go to the Charis Duluth office to attend the usual Monday evening meeting. As she was crossing Grand avenue an automobile struck her, inflicting very serious, disabling injuries. There cannot be much doubt that respondent's work, being that of a canvasser, exposed her to hazards, so that had she, while actually engaged in canvassing, been

struck by an automobile in crossing a street going from a customer's home on one side of the street to a prospective customer on the other side thereof she would be entitled to compensation. We think all the authorities so hold. The question is whether she could be considered to be canvassing at the time of her injury. She had been so engaged before supper. She stopped at her home for the meal and then with an order, obtained a few days before, to deliver at the office and to attend the meeting called by the employer, she was struck crossing a public street to take a streetcar. The statute, 1 Mason Minn. St. 1927, § 4290(3), provides: "The employer shall not be liable or required to pay compensation for injuries due to the acts or omissions of third persons not at the time in the service of the employer, nor engaged in the work in which the injury occurs, except as provided in Section 31 [4291], or under the conditions set forth in Section 66-J [4326(j)]." Section 31 [4291] has no application here. The part of § 66-J [4326(j)] here pertinent reads: "Without otherwise affecting either the meaning or interpretation of the abridged clause 'personal injuries arising out of and in the course of employment.' It is declared: Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their services require their presence as a part of such service, at the time of the injury, and during the hours of service as such workmen." Under this definition employes are not under the compensation act when they are not on the premises where the service requires their presence and not during the hours of service. In the case of an employe engaged in canvassing, like respondent herein, there were no hours of service, nor premises designated where her presence was required. We take it that she was in the service whenever she started out on her work to seek customers within the territory assigned to her. It is perhaps not correct to say that she would only be protected against accidental street hazards. It would seem that the workmen's compensation act covers a canvassing employe not only when passing along a public street but also when walking from the street to and into the house where the customer is to be sought. If the employe should accidentally slip and fall in the house, on the steps,

or on the walk to the street, and disability resulted, compensation must be paid. The injury would arise out of and in the course of the employment just the same as would that of an employe who slipped and was injured while engaged in his work on the employer's premises during his hours of service.

We have held that when an employe is sent out on an errand to the employer's premises for a certain purpose not within his regular working hours—on an extra job—he is under the protection of the act from the time he leaves his house until he returns. Nehring v. Minnesota Min. & Mfg. Co. 193 Minn. 169, 258 N. W. 307.

The question here is presented whether or not respondent was under the protection of the act when after supper she started to attend the meeting at her employer's office. Had this been a special errand or an extra job which the employer requested her to do, she would have been under the compensation act from the time she left her home until she returned. This, however, was a trip required of her each Monday evening. It was part of her employment. She received no extra pay therefor. Her pay or wages came solely from the commission secured in her canvassing work and from bonuses. The office of her employer, to which respondent was on the way when injured, was not the place where her canvassing work was done; still it was the place where her presence was required. Under the situation of this employment it is difficult to separate the actual canvassing for customers from the trips to the office for instruction and delivery of the orders obtained in the canvassing; and, we think, there is justification for considering them a unit so that respondent was engaged in her work for her employer when going to and from the office as well as when traveling on her territory seeking customers. When an employe is engaged in the performance of the service in a place where his presence is required and during the hours of service and an accidental injury is sustained, it can be found that such injury arose out of and in the course of the employment. We regard the following decisions as justifying the finding: Austin v. Leonard, Crossett & Riley, Inc. 177 Minn. 503, 225 N. W. 428, where prior cases on the subject in this court are cited; Johnston v. W. S. Nott Co. 183

Minn. 309, 236 N. W. 466. From other jurisdictions we cite as sustaining the award here: J. E. Porter Co. v. Industrial Comm. 301 Ill. 76, 133 N. E. 652; Dameron v. Yellowstone Trail Garage, Inc. 54 Idaho, 646, 23 P. (2d) 417; Kyle v. Greene High School, 208 Iowa, 1037, 226 N. W. 71; Theyken v. Diplomat Products, Inc. 243 App. Div. 822, 278 N. Y. S. 860, affirmed in 268 N. Y. 658, 198 N. E. 543; Central Surety & Ins. Corp. v. Court, 162 Tenn. 477, 36 S. W. (2d) 907; Kahn Bros. Co. v. Industrial Comm. 75 Utah, 145, 283 P. 1054; Garris v. Peoples Service Drug Stores, 162 Va. 428, 174 S. E. 665; Proctor v. Hoage, 65 App. D. C. 153, 81 F. (2d) 555. Respondent also cites Cook's Case, 243 Mass. 572, 137 N. E. 733, 29 A. L. R. 114, very much in point; but, unfortunately for respondent, that case was overruled in Colarullo's Case, 258 Mass. 521, 155 N. E. 425, 51 A. L. R. 508.

Relator relies on Postal Tel. Cable Co. v. Industrial Acc. Comm. 1 Cal. (2d) 730, 37 P. (2d) 441, 96 A. L. R. 460; Whitney v. Hazard Lead Works, 105 Conn. 512, 136 A. 105; N. K. Fairbank Co. v. Industrial Comm. 285 Ill. 11, 120 N. E. 457; Porter v. Stoll Oil Refining Co. 242 Ky. 392, 46 S. W. (2d) 510; Chernick's Case, 286 Mass. 168, 189 N. E. 800; Rawson's Case, 126 Me. 563, 140 A. 365; Lipinski v. Sutton Sales Co. 220 Mich. 647, 190 N. W. 705; Industrial Comm. v. Gintert, 128 Ohio St. 129, 190 N. E. 400, 92 A. L. R. 1032; Fidelity & Cas. Co. v. Industrial Comm. 79 Utah, 189, 8 P. (2d) 617; Caravella v. City of Milwaukee, 194 Wis. 190, 215 N. W. 911. It will be found upon examination of all these authorities that compensation was denied because at the time and place of the accidental injury the employe was not engaged in the duties of his employment. He had either not arrived at the place where his work began or had finished the period of service and was on his way home and not on the premises where his work demanded his presence. Our own cases of Otto v. Duluth St. Ry. Co. 138 Minn. 312, 164 N. W. 1020; Rosvall v. City of Duluth, 177 Minn. 197, 224 N. W. 840; Lorenz v. Wm. Lorenz Trunk Works, 187 Minn. 444, 245 N. W. 615; Helfrich v. Roth, 193 Minn. 107, 258 N. W. 26, also cited by relator, are distinguishable from the instant case on the same ground.

It is scarcely open to dispute that if Mrs. Buchman had summoned respondent to come to the office for instruction other than on Monday evening, the usual occasion, respondent would have been under the workmen's compensation act from the time she started from home until her return. It appears that although the evidence shows Monday evenings to be the time for the employes to meet, they were each time notified by mail to attend. We think upon the evidence herein it was for the commission to determine as a fact whether or not respondent was in the discharge of the duty required of her in Mrs. Buchman's employ when accidentally injured. If she was, the injury arose out of and in the course of the employment.

The writ is discharged and the award is affirmed. Respondent may tax $100 attorney's fees as costs.

Stone, Justice (dissenting).

There is no pretense that respondent was engaged in "canvassing" when she was injured. Decision is put on the ground that during the meeting, which she was on her way to attend, she would have been engaged in her employment. There is nothing to bring the case under the "emergency call" rule of Nehring v. Minnesota Min. & Mfg. Co. 193 Minn. 169, 258 N. W. 307. If respondent had attended the meeting in question and thereat would have been engaged in her employment, it must follow that when injured she was but on her way to the working premises but had not reached them. Hence, in my judgment, she should be denied recovery under the rule of such cases as Kelley v. Northwest Paper Co. 190 Minn. 291, 251 N. W. 274.

There is manifest and cruel injustice in denying recovery for the death of a workman under circumstances such as those presented in the Kelley case and allowing compensation for mere disability incurred as was that of this respondent. The latter, in my view, is not permitted by the workmen's compensation act [1 Mason Minn. St. 1927, § 4326(j)].

Loring, Justice (dissenting).

I agree with the views expressed by Mr. Justice Stone.