ELIZA N. GALE, APPELLEE, V. KRUG PARK AMUSEMENT
COMPANY, APPELLANT.

FILED MARCH 3, 1926. No. 25172.

1. **Master and Servant:** INJURY TO EMPLOYEE: COMPENSATION.
To warrant a recovery under our compensation act, the accident
which caused the injury complained of must be one arising out
of and in the course of the employment. Comp. St. 1922, sec.
3032.

2. ————: ————: ————. Such compensation act does not au-
thorize an award in case of injury or death from a peril which
is common to all mankind, to which the public in general is
exposed.

3. ————: ————: ———— . Record examined, and *held* not to
disclose a hazard imposed upon plaintiff's husband greater than
that to which the general public was exposed.

4. *Boyce v. Burleigh,* 112 Neb. 509, considered, and *held* that para-
graphs 1 and 2 of the syllabus thereof should be construed to-
gether.

APPEAL from the district court for Douglas county:
ABRAHAM L. SUTTON, JUDGE. *Reversed and dismissed.*

*McGilton & Smith,* for appellant.

*Jesse L. Root* and *Herman E. Kuppinger, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD,
THOMPSON and EBERLY, JJ.

THOMPSON, J.

This action was instituted by Eliza N. Gale, widow of
Charles S. Gale, deceased, hereinafter called plaintiff,
against the Krug Park Amusement Company, a corporation,
hereinafter called defendant, before the compensation com-
missioner, to recover compensation in the sum of $15 a
week for 350 weeks, beginning on the 3d day of June, 1925,
and hospital and burial expenses, together with attorney's
fees. The issues were duly joined, and trial had before the
commissioner, and the claim allowed and ordered paid as
prayed. An appeal was taken by the defendant to the dis-
trict court for Douglas county, where issues were joined

and trial had, resulting in an affirmance of the finding and judgment of the compensation commissioner. To reverse this judgment, the defendant appeals.

It is conceded by defendant that the deceased received the injuries complained of by plaintiff, and that his death resulted therefrom; and that such injuries were received during the course of his employment; and further conceded that the deceased's average earnings at the time of receiving such injuries were $44 a week. However, recovery is challenged for the reason that the injuries did not arise out of or by reason of such employment. Defendant contends that the injuries were caused solely by an act of God, and therefore non-compensable under our compensation act.

The record discloses the following facts: That the deceased, prior to the injuries complained of, was employed by defendant to paint certain buildings in the park, the latter furnishing the material and paying deceased for his labor the sum of $44 a week; that deceased entered upon his duties, and on June 3, 1925, he and another employee, who was assisting him, had finished painting a building at about 3:20 p. m. (at which time a storm was indicated by darkness and dust-laden clouds); that deceased and his helper went to and into the building in question, where the paints for their use were stored; that this building, an ordinarily substantial one of its kind, faced the south, with doors, windows, and an open porch to the south, was about 14 feet in width and from 44 to 46 feet in length, was of frame type, with L-shaped roof, the longer slant being to the south, was constructed out of shiplap one inch thick, and the studdings and rafters were mostly 2 by 4 timbers, some 2 by 6; as to the floor, some say it was one-inch material, and others say two-inch material; the roof was one-inch shiplap covered with paper; the building was set on a wood block foundation and was divided into six or seven compartments; that, as deceased and his helper were placing their paint utensils on the floor of this building, the storm, then of abnormal force and destructive violence, coming from the south, struck that part of the park and the building in

question, and threw the latter with great force, some say against a tree about 30 feet distant, others say that the building was thrown so that it rested upside down; that deceased was found in a very short time lying in a gutter, some distance north and east of where the building lay, unable to get up and calling for help; that his helper was thrown some distance from him, but not so far from the building; that the two men were picked up and carried to a hospital; that deceased was found to have sustained a broken arm, internal injuries, bruises about the head and face, from which injuries he died on June 5, 1925. It is further shown by the record that this storm covered a territory about five miles in length and two miles in width, and within this territory was a strip one-fourth to one-half mile in width and about five miles in length which suffered the most damage; that in this strip of land, in area of two or three blocks, much damage was done to trees and buildings; that, within the park, trees 18 inches in diameter, perhaps a dozen or more, located close to the approach to the building, were broken off like match sticks; roofs and porches were torn away from houses; telephone and telegraph poles were broken off; chimneys thrown down; trees uprooted and others broken off; that Krug Park was in the direct path of the most violent and destructive part of the storm.

The only question for us to determine is: Did the injuries which caused the death of Mr. Gale arise out of the employment, within a liberal interpretation of our compensation act, remembering that this act provides that the injury, in order to give rise to a cause of action, must be one which not only arises in the course of the employment, but also arises out of the employment? These two propositions must be present in order that recovery may be had. In *Pierce v. Boyer-Van Kuran Lumber & Coal Co.*, 99 Neb. 321, it was held: "An employee is not entitled to compensation for injury under the employers' liability act unless the accident which caused the injury happened in the course

of his employment, and arose out of his employment." See, also, *Feda v. Cudahy Packing Co.*, 102 Neb. 110.

*Boyce v. Burleigh*, 112 Neb. 509, is cited by counsel for plaintiff as being contrary to this view. In this he seems to have been misled by his failure to construe the two paragraphs of the syllabus together, as they should be.

Ordinarily, an injury which occurs in the course of the employment will be one which arises out of the same. This, however, is not necessarily true. It might, as in this case, arise in the course of the employment, and yet not out of such employment. Here, the injury arose while deceased was in the line of his duties as such employee, but it would be an unwarranted conclusion to hold that it arose out of the employment. To so find would be to hold that our compensation act makes the employer an insurer against all injuries received in the course of the employment, when in fact such law limits recovery to injuries received in the course of and out of the employment.

As is well said in *Larke v. Hancock Mutual Life Ins. Co.*, 90 Conn. 303: "An injury 'arises out of' an employment when it occurs in the course of the employment and as a proximate cause of it; that is, when the injury is a natural and necessary incident or consequence of the employment. * * * The phrase points to the origin or source of the injury, and presupposes the existence of a causal connection between it and the employment."

Can it be said that a sudden violent storm, such as reflected by the evidence in this case, is one incidental to the employment, or one arising out of it? To so hold would be to reason without a premise. There was no connection, causal or otherwise, between the employment and the cause of the injury, as reflected by the evidence in this case. As said in *Urak v. Morris & Co.*, 107 Neb. 411: "There must be somewhere a dividing line, and unless we are to hold that all accidents or injuries which result during the term of employment, or hours of duty, are covered by the act, it would seem that this accident must be excluded."

The accident or incident giving rise to the injury must be

such as is peculiar to the employment, and must arise within the employment, not without and independent thereof. To conclude otherwise would lead us far afield, and beyond a liberal construction of our compensation act.

In *Socha v. Cudahy Packing Co.,* 105 Neb. 691, quoting with approval from *Hulley v. Moosbrugger,* 88 N. J. Law, 161 (wherein the following language is quoted from *Mc-Nicol's Case,* 215 Mass. 497), we said: "It arises 'out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. * * * The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business, and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

In *Socha v. Cudahy Packing Co.,* 105 Neb. 691, 695, quoting with approval from the opinion in *Dennis v. White & Co.,* L. R. App. Cas. 1917 (Eng.) 479, it is said: "Where the risk is one shared by all men, whether in or out of employment, in order to show that the accident arose out of the employment it must be established that special exposure to it is involved."

In *Larke v. Hancock Mutual Life Ins. Co.,* 90 Conn. 303, it is said: "If the employment brings with it no greater exposure to injurious results from natural causes, and neither contributes to produce these nor to aggravate their effect, as from lightning, or severe heat or cold, than those to which persons generally in that locality, whether so em-

Gale v. Krug Park Amusement Co.

ployed or not, are equally exposed, there. is no causal connection between the employment and the injury."

It is well said in 28 R. C. L. 804, sec. 93: "The compensation act, it has been very generally held, does not authorize an award in case of injury or death from a peril which is common to all mankind, or to which the public at large is exposed. The argument seems to be that, if the workman were permitted to recover in such cases, he would enjoy privileges above those of the public generally, and in effect be insured against every sort of calamity, which is not the intention of the statute."

Thus, we conclude that injuries resulting from exposure to the elements, such as abnormal heat, cold, snow, lightning, or storms, are generally classed as risks to which the general public is exposed, and as not coming within the purview of workmen's compensation acts, unless the record discloses a hazard imposed upon the employee by reason of the employment greater than that to which the public generally is subjected.

To attempt to harmonize or to distinguish the different holdings of the different courts and text-writers would be without purpose, if not to undertake an impossibility. However, with all due respect to the holdings out of harmony with that expressed herein, to us the holding in *Larke v. Hancock Mutual Life Ins. Co., supra,* more nearly reflects the true intent of the act under consideration.

*Industrial Commission v. Anderson,* 69 Colo. 147, and *Central Illinois Public Service Co. v. Industrial Commission,* 291 Ill. 256, 13 A. L. R. 967, 974 and note, will be found replete with instructive analogies.

The judgment of the trial court is without evidence to sustain it, and is reversed and the action dismissed.

REVERSED AND DISMISSED.

Note—See Workmen's Compensation Acts, C. J. pp. 40 n. 95, 72 n. 69, 73 n. 80, 74 n. 86, 77 n. 96, 98, 115 n. 37.