## AMERICAN SHIPBUILDING CO. v. MICHALSKI et.

Ohio Appeals, 9th Dist., Lorain Co.

No. 470. Decided Sept. 28, 1928.

First Publication of This Opinion.

Syllabus by The Court.

EMPLOYER & EMPLOYE.

(250 W3) Where, during a tornado, an employe, by specific order of the master, is directed to go to a place of increased danger for the purpose of preserving the master's property, and while obeying such order is injured by such tornado, such injury constitutes an accident arising out of his employment, within the meaning of the Workmen's Compensation Act.

Error to Common Pleas.

Judgment affirmed.

Crew & Secrest, Cleveland, for Shipbuilding Co.

John M. Pindras, Cleveland, Harry M. Redington, Elyria, and Dunlap, Stephens & Stephens, Cleveland, for Michalski, et.

### STATEMENT OF FACTS.

On June 28, 1924, there was a very destructive tornado which passed over portions of the City of Lorain, doing great damage and causing the death of more than seventy persons. In the path of said tornado was the plant of the American Shipbuilding Co., the plaintiff in error, and several of the buildings of said plant were greatly damaged by said tornado.

On that day Joseph Michalski was in the employ of said company as a fireman, and was working in the power house at the time that said tornado passed over said plant. There were two large steel doors in said power house, located on opposite sides of the building, and as the wind began to blow unusually hard, the foreman of said Michalski directed him to close one of said doors, while the foreman started towards the other door with the intention of closing the same; but before that was accomplished, the foreman realized that it was especially dangerous for Michalski to attempt to close the door he had been ordered to close, and the foreman thereupon attempted to call Michalski back but was unable to make him hear.

The force of the wind blew out a portion of the side of the building where Michalski was sent to close the door, and after the tornado had passed, Michalski was found dead out in the yard, some two hundred feet away from the building. No eye-witness can tell how he came there; whether he closed the large steel door and walked out of a nearby door seeking safety out in the open, or whether, before he had time to close the door, he was blown out through the opening of the door or the opening made in the side of the building by the storm; but we find from the evidence in the case that the finding of the jury that he was blown from the building while approaching or in the act of closing the large door, is the more natural inference to be drawn from all the facts and circumstances. The foreman who gave the order was not injured, and if Michalski had remained where he was when the order was given, he would not have been injured.

Said company was a self-insurer under the Workmen's Compensation Act, and Sophia Michalski, defendant in error, made application to the Industrial Commission for an award of compensation for herself and children, and such compensation being denied by the commission, she appealed to the Court of Common Pleas. Upon trial to a jury in that court, she was awarded compensation, and said company in this error proceeding now seeks to have said judgment reversed for error of law occurring at the trial—the sole claim in that regard being that Michalski was killed by the forces of nature and not by a cause which arose out of or was connected with his employment.

WASHBURN, PJ.

In the case of Industrial Comm. v. Paul Slanina, decided by this court on April 19, 1927, and by the Supreme Court on Nov. 9, 1927, and reported in 117 OS. ——, the employe was engaged in the usual duties of his employment, delivering furniture, and was injured when a telephone pole was blown on him, by this same tornado, while he was in the street; and in that case we found that his injuries were caused by the forces of nature, wholly disconnected with his employment, and that the danger to which he was exposed was not peculiar to the work but was common to the neighborhood, and was not incidental to the character of the business he was engaged in but was independent of the relation of master and servant.

The case at bar presents the question of whether or not the order of the foreman, sending Michalski from a place of comparative safety directly into a place of special danger, for the purpose of preserving the property of the company, imposed upon Michalski a duty in connection with his employment which exposed him to a special danger from the elements which caused his death,—a danger greater than other employes,—one which was made peculiar to his employment rather than one which was common to the neighborhood,—thereby giving to his employment a causal connection with his death.

No reported case has been cited to us where this question has been specifically determined, but upon due consideration we have reached the conclusion that, upon principle, the holding should be that the giving of said order, under the circumstances indicated, exposed Michalski to danger in such a way that his employment had a causal connection with his death; that he was not merely present at the place of the accident because of his employment, but was exposed to a special danger to which his fellow-employes and other persons in the community were not exposed.

We hold that where, during a tornado, an employe, by specific order of the master, is directed to go to a place of increased danger for the purpose of preserving the master's property, and while obeying such order is injured by such tornado, such injury constitutes an accident arising out of his employment, within the meaning of the Workmen's Compensation Act, and that the trial court reached the correct conclusion in this case when compensation was awarded.

(Pardee, J., concurs. Funk, J., not participating.)