## INDUSTRIAL COMMISSION v KOVACS

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11725. Decided June 8, 1931

B. G. Ruby, Cleveland, for Kovacs.
Gilbert Bettman, Atty. Gen., and Arthur Krause, and R. D. Metzner, Cleveland, for Industrial Commission.

MAUCK, PJ, & MIDDLETON, J, (5th Dist) and FARR, J, (7th Dist) sitting.

FARR, J.

It is insisted in behalf of plaintiff in error that this was not an injury arising in the course of employment as defined by §1465-68 GC, and by the courts of this state. It is said that the issue involved here is entirely a question of law except as to the ownership and control of the tent which was not under the control of

the city of Cleveland and that therefore Kovacs having elected to find shelter in the tent and that the tent and his conduct in seeking shelter therein had no causal connection with his employment and that therefore he is not permitted to participate in the State insurance fund. In this connection attention is called to the case of **Industrial Commission v Weigant, 102 Oh St 1**, where it is held in the second paragraph of the syllabi that,

"2. The test of right to award from the insurance fund under the Workmen's Compensation Law for injury in the course of employment, is not whether there was any fault or neglect on the part of the employer or his employee or whether the employment had some causal connection with the injury either through its activities, its conditions or its environment."

However, the facts in the above case are somewhat different from those in the instant case but it is readily admitted that the foregoing is a correct statement of the principle obtaining in such cases; the accident grew out of a friendly scuffle over a file which flew off the handle and struck Weigant in the eye.

It is not necessary to further discuss the facts in the above case; they are, no doubt, familiar to counsel on both sides.

A significant statement in the opinion of Johnson, J., is found at page 8 as follows:

"If an employee while a part of that situation receives an injury as the result of an occurrence incidental to the conduct of the business, that injury was received in the course of his employment."

In the instant case, Kovacs was subject to an occurrence incidental to the employment in which he was engaged. Storms are of frequent occurrence. It is quite natural to find shelter when a storm breaks. Kovacs did not leave the property upon which he was employed; he was still subject to the orders of his employer while in the tent seeking shelter from the storm, and the incident of the storm might reasonably have been contemplated and of necessity must have been contemplated at the time of Kovacs employment.

Another case to which attention is called by plaintiff in error is **Slanina v Industrial Commission, 117 Oh St 329.** In this case the injured party was subject to a destructive tornado and was injured, and it was held that where the duties of an employee do not exposé him to a special or peculiar danger, from the elements which caused the injury, greater than other persons in the community, such employee is not entitled to compensation. **Fassig v State ex rel 95 Oh St 232; Industrial Commission v Weigant, 102 Oh St 1.**

However, in the above case, Slanina was driving upon the street and was therefore subject to just such dangers as the public in general; while in Kovacs case he was subject to a danger not incidental to the public, for the reasons that he had no other immediate means of protection from the storm while the public in general, no doubt, would have. Moreover, the storm was local in character and did not affect the public in general because the public was not employed upon the particular allotment. Only Kovacs and his fellow employees were subject to the situation at the time.

At page 333, in the above case, Day, J., in speaking for the court observed:

"The record indicates that Slanina's injury was due to a risk common to the public generally and not increased by the circumstances of employment and would not therefore be compensable within the Act."

Again, it should be noted that the facts in the above case are quite different from those involved in the case at bar.

Another Ohio case to which attention is called is Industrial Commission v Ahern. A saleslady left the shoe department on the first floor of a store and went to the rug department on the fourth floor, for the purpose of buying a rug for herself. She was then, of course, engaged in a particular enterprise in her own behalf and when injured in the rug department she was not in the course of her employment and could not recover.

The foregoing Ohio cases therefore are not controlling in the instant case, and the cases of Gale v Park Amusement Co. 114 Neb. 432, 208 N.W. 739; Cary v Industrial Commission 101 Wis. 253, 194 N.W 339, are not found to be controlling in the instant case because they may be readily differentiated. In the case of Gale v Park Amusement Co. the injury was caused by a tornado of wide extent to which the public in general was exposed; the case of Cary v Industrial Commission is practically the same.

In the brief of defendant in error, attention is called to the case of **Taylor v Industrial Commission, 31 O. C. A. 390,** and the following quotation is set out:

"Continuity of employment is not broken

by going out for refreshments with permission as where a night watchman during a midnight rest period goes out of a shop to smoke and while on the premises is injured by a fall on concrete steps the injury is within the course of employment."

The foregoing reflects directly upon the instant case and in the opinion a number of cases of interest are cited among them Morris v Lambeth, Borough Council, 22 Times L.R. 22, it was held that an injury to a night watchman caused by the falling of a shanty, into which he went to cook some food, because it was raining, may, in the absence of any prohibition against the use of the shanty, be considered as arising out of and in the course of his employment.

Paragraph 1 in Schneider's Workmen's Compensation Law, page 501 reads:

"The Supreme Court of Massachusetts said: 'An injury may be said to arise out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the condition under which the work is required to be performed and the resulting injury. Under this test, if the injury may be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it 'arises out of' the employment but it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected but after the event it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence."

It is further stated in the same authority that each case must be determined with reference to its own particular facts and which is suggestive in the instant case. Kovacs was employed on this allotment upon which there were no buildings; other city employees were otherwise employed about the same allotment. It was prac-tically under the control of the city during the period of this employment. The storm arose and it became necessary to seek shelter as any reasonable person would do. Kovacs believed he would find it within the tent on the property itself; it was in August, a season of the year when storms are an incident of any employment in that locality. Had it not been for this employment Kovacs would not have been upon the property and a subject of the storm; during its progress his time as an employee was going on. He was then subject to the orders of his foreman. A recent case and one of more than passing interest is **Industrial Commission v Hampton, Ohio Bar,** May 26, 1931. The opinion of Marshall, CJ, is very helpful in determining the issue in the case at bar, especially at pages 503-505-506-507-509. The only difference is that Hampton sought shelter in a warehouse but the principle is the same. Therefore the conclusion is that the injury was sustained in the course of his employment.

For the foregoing reasons the judgment is not contrary to law and the trial court did not err in refusing to direct a verdict. Therefore the judgment is affirmed.

MAUCK, PJ, MIDDLETON, J, concur.