JANE BEH, PROSECUTOR, v. BREEZE CORPORATION, RESPONDENT.

Submitted May 4, 1948—Decided July 26, 1948.

Before Justices BODINE and JACOBS.

For the prosecutor, *O'Brien, Brett & O'Brien* (*Thomas J. Brett*).

For the respondent, *James J. Skeffington.*

The opinion of the court was delivered by

BODINE, J. The petitioner is the widow of Roy Gordon Beh and filed her petition for compensation on behalf of herself as the widow and on behalf of their two minor children.

The accident having occurred out of the state, the judgment of the Bureau cannot be reviewed in the Court of Common Pleas, so *certiorari* was allowed directly to this court.

Roy Gordon Beh, on December 20th, 1945, was employed as a traveling representative for the defendant corporation. He was originally employed in New Jersey, but on the day in question was working out of the defendant's office in De-

troit, Michigan. His duties consisted in visiting customers and prospective customers. He was paid a salary of $550 a month. He was required to have a car and was .reimbursed for the use thereof at the rate of seven cents per mile.

On the day in question, he was en route from Chicago, Illinois, to Muskegon, Michigan, driving on the public highways on the business of his employer. He planned to keep a business appointment at Muskegon, where he would spend the night at a hotel and continue on to the office in Detroit the following day. It was a very snowy time and while en route, he picked up a hitch-hiker at the junction of highways 20 and 12 near Gary, Indiana. The hitch-hiker was Robert R. Smith dressed ·in civilian clothes. Deceased and Smith had lunch together at Benton Harbor, Michigan. They then continued on towards Muskegon, and as they approached a place called Holland, Smith drew a .45 caliber revolver and ordered deceased to hand over his money, and in the struggle which followed he was killed.

Smith made a full confession and a copy of it is annexed to the stipulation of the parties.

Deceased had never been forbidden to carry hitch-hikers.

Smith testified at his trial that he told the deceased to slow down and stop, that it was a stick-up. He further testified that as the deceased "slowed down the car and finally brought it to a stop and told [me] him he never figured I would stick him up. He leaned over to the right-hand side of the car and made believe he was going to get his wallet with his left. He couldn't get much of a swing but he hit me with his left hand. * * * Q. Now up to the time that that occurred Mr. Beh had not yet taken hold of the gun? A. When he went to hit me then he grabbed for the gun. Q. Then he first grabbed at the gun about the same time he hit you. Is that right? A. That's correct. Q. Then how did you get the gun away from him? A. I pulled back on the gun and got it away from him and then I hit him with it. Q. Did you still have the gun in your right hand? A. Yes, I did. Q. How many times did you hit Mr. Beh with the gun? A. A couple of times. Q. When you hit him with the gun, that was before any shot had been fired, is that right? A. Yes, sir.

*Q.* Now when you hit him with the gun what happened to Mr. Beh? Did you knock him out? *A.* No. It didn't seem to bother him at all. *Q.* After you hit him what happened then? *A.* Well, we were close together and it threw me off balance quite a bit and he grabbed my hand that had the gun in it and finally got hold of the gun and while I am trying to get it back that was the time when the gun went off."

Further details follows, which are of no interest in the determination of this case. The problem for us to solve is whether deceased met his death "out of" the employment.

It is clear that the death occurred by accidental means and during the employment period. It is argued that the case is not unlike *Foley* v. *Home Rubber Co.,* 89 *N. J. L.* 474; *affirmed,* 91 *Id.* 323, and that we should so find. In that case, the traveling salesman was killed by the sinking of the Lusitania on which he was traveling, from a torpedo fired by the German government during the First World War. The torpedoing, the court held, was one of the risks of travel.

As a traveling salesman, Beh was required to carry large sums of money. The proofs indicate that his assailant sought to rob him of the wallet which he had observed when they had lunch.

The Workmen's Compensation Statute is broad, and section 2 provides for compensation in cases of personal injury or death resulting from an accident arising out of and in the course of the employment, except where injury or death is intentionally self-inflicted, or when intoxication is a natural and proximate cause.

This statute has been broadly construed by Mr. Justice Heher in *Beylus* v. *Wilkinson, Gaddis & Co.,* 115 *N. J. L.* 43.

We find that the death arose from a risk incidental to the employment and was causally connected therewith because it arose from a risk or hazard incident to the use of the highway. The employee, if he had not stopped for the hitch-hiker, might have been shot any way. That is one of the risks of travel.

There is a well considered Nebraska case practically on all fours with this case, *Goodwin* v. *Omaha Printing Co.,* 267 *N. W. Rep.* 419.

The question of when an accident arises "out of" or not is carefully analyzed by Mr. Justice Perskie in *Giles* v. *W. E. Beverage Corp.*, 133 *N. J. L.* 137; *affirmed*, 134 *Id.* 234. The reversal of *Bobertz* v. *Board of Education*, 134 *Id.* 444, in 135 *Id.* 555, seems to turn on lack of proof of motive for the injury so as to show that the assault arose "out of" the employment. In that case there was lack of proof of robbery.

This case is not entirely free of doubt but from our examination of the law, many times stated in well considered opinions in this state, we think the facts in this case support a finding in favor of the petitioner.

The judgment of the Bureau is reversed, with costs.