RUTH IRIS CROW, ADMINISTRATRIX OF THE ESTATE OF ALLEN B. CROW, DECEASED, APPELLANT AND CROSS-APPELLEE, v. THE AMERICANA CROP HAIL POOL, INC., APPELLEE AND CROSS-APPELLANT.

125 N. W. 2d 691

Filed January 10, 1964. No. 35543.

Eisenstatt, Lay, Higgins & Miller, for appellant.

Webb, Kelley, Green & Byam, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

The plaintiff Ruth Iris Crow, as administratrix of the estate of Allen B. Crow, deceased, brought this action against the defendant The Americana Crop Hail Pool, Inc., in the Nebraska Workmen's Compensation Court to recover compensation for the death of her decedent under the Nebraska Workmen's Compensation Act.

Plaintiff's amended petition in the compensation court alleged the deceased, hereinafter at times designated as Crow, met his death on June 27, 1960, as a result of injuries sustained in an accident arising out of and in the course of his employment as a crop adjuster by the defendant and that Ruth Iris Crow was his sole dependent.

The defendant's answer was a general denial coupled with an affirmative allegation that the deceased was not an employee of the defendant but an independent contractor, and further stating that the deceased Allen B. Crow met his death as the result of a peril common to all mankind.

A trial was had before a single Judge of the Workmen's Compensation Court sitting at Omaha, Douglas County, Nebraska. Its decision held the plaintiff had failed to prove the deceased was defendant's employee at the time of his death and further that even if he had been an employee, his death was caused by a tornado and there was nothing in the nature of his employment that exposed the decedent to greater dangers than that shared in common by the community generally. It held his death was not compensable and dismissed the petition.

Plaintiff waived rehearing before the whole compensation court and appealed directly to the district court for Douglas County, Nebraska. The same issues being there presented and tried, that court held the deceased was an employee of the defendant and was engaged in such employment when the injuries causing his death occurred. Again, however, it found that the death was occasioned by the elements of nature and that the haz-

ards to which the deceased was subjected were no greater than those borne by the general public in the area where the accident occurred. Thereupon, the district court also entered its judgment dismissing the plaintiff's petition.

Plaintiff's motion for a new trial having been overruled she has brought the matter to this court by appeal, assigning error to the trial court in finding that the death of plaintiff's decedent did not arise out of his employment.

The defendant has cross-appealed from the finding of the district court that the deceased was an employee of the defendant, contending he was an independent contractor.

Our decision being based on our finding that the decedent's death did not arise from a hazard incident to his work, but from those common to mankind generally, the exact nature of the relationship created by the agreement between the defendant and the deceased is not required to be determined and will not be discussed.

The bill of exceptions consists of a stipulation of facts jointly offered by the parties and the only disputes arising are the inferences which flow therefrom.

Defendant operates a crop hail pooling business in a multistate area and maintains an office at Omaha, Nebraska. It issues policies of hail insurance and adjusts crop hail losses in which the defendant itself and some 20 other participating insurance companies are interested depending upon the amount of stock held respectively by the others in the defendant company.

In January 1960, defendant's manager engaged Crow as a crop hail adjuster to handle hail claims and losses during the ensuing crop hail season. A written agreement designated as an Independent Adjuster's Agreement was executed by the defendant and Crow. It stated Crow had been placed on defendant's list of qualified claim adjusters and provided for a per diem compensation for the actual time required to do the work

when additional aid was required, together with incidental traveling expenses.

Crow began handling such claims sent to him by the defendant in May 1960. Defendant's branch manager in the latter part of June 1960, requested one Richard Todd, another adjuster, to contact Crow and arrange a meeting between them that they might work together with respect to losses near Chappell, Nebraska.

Todd contacted Crow by telephone and the two arranged to meet at the Empire Motel in Chappell on June 27, 1960. After completing the adjustment of certain losses with which he was then occupied, Crow started for Chappell, Nebraska. While traveling on U. S. Highway No. 385 in Sedgwick County, Colorado, at a point approximately 21 miles southwest of Julesburg, Colorado, on June 27, 1960, his automobile was struck by a tornado and carried from the highway causing his death.

In Gale v. Krug Park Amusement Co., 114 Neb. 432, 208 N. W. 739, 46 A. L. R. 1213, this court had under consideration the death of a workman caused by a tornado at Omaha while employed by the defendant in the cited case. The following rules were set out and adopted by this court therein: "To warrant a recovery under our compensation act, the accident which caused the injury complained of must be one arising out of and in the course of the employment.

"Such compensation act does not authorize an award in case of injury or death from a peril which is common to all mankind, to which the public in general is exposed." The cited case discusses other cases from this and other courts, as well as texts applying these rules. Thereafter, in summarizing them, the opinion states: "Thus, we conclude that injuries resulting from exposure to the elements, such as abnormal heat, cold, snow, lightning, or storms, are generally classed as risks to which the general public is exposed, and as not coming within the purview of workmen's compensation acts, unless the record discloses a hazard imposed upon the

employee by reason of the employment greater than that to which the public generally is subjected."

The plaintiff seeks to avoid the application of the reasoning in the decision in Gale v. Krug Park Amusement Co., *supra*, to the case now before us. Her counsel cites City of Fremont v. Lea, 115 Neb. 565, 213 N. W. 820, where a fireman, an employee sent out in the streets to participate in a holiday celebration and killed by a toy cannon accidentally discharged by a third person, was held to be entitled to workmen's compensation benefits. Likewise, Ridenour v. Lewis, 121 Neb. 823, 238 N. W. 745, 80 A. L. R. 119, is discussed where this court upheld such a recovery where a workman who was employed to install, repair, and service radios and collect his employer's accounts, was beset upon and killed on the streets while pursuing his employment. In the opinion in Ridenour v. Lewis, *supra*, this court sufficiently distinguishes these cases involving ordinary street risks incident to one's employment from those risks incident to the elements and common to all mankind, stating: "This court is committed to the view that, when an employee is sent into the public street, under the circumstances detailed in this record, on his master's business, his employment necessarily involves exposure to all risks of the street, and injury from any such cause, not *involving what is often referred to in the* books as an *'Act of God'* (Gale v. Krug Park Amusement Co., 114 Neb. 432), arises 'out of the employment,' within the meaning of the workmen's compensation act." (Emphasis ours.)

Many cases from courts of last resort in other states construing statutes which in some respects may differ from our own are discussed by plaintiff's counsel. Others are cited where the peculiar circumstances of the work in which the employee was engaged subjected him to extra hazards from the elements. One of these is Pigford Brothers Construction Co. v. Evans, 225 Miss. 411, 83 So. 2d 622, where the workman, with a severe storm

impending, was beheaded by an object hurled through the air by a tornado while attempting to install a tarpaulin on top of a dragline located on an embankment requiring the employee to be stationed some 30 feet above ground. It is to be noted in the cited case the court in its opinion stated that the accident came within the universally recognized increased risk test. Another, American Shipbuilding Co. v. Michalski, 30 Ohio App. 80, 164 N. E. 123, allowed compensation where the plaintiff, a fireman, during a tornado was by the express order of the master directed to go to a place of increased danger to preserve the master's property and while obeying such order was injured. In the latter case the court, however, quoted from another Ohio case apparently with approval, stating: "In case an employee, in the discharge of the duties of his employment, is injured as a result of the unexpected violence of the forces of nature, to wit, 'a destructive tornado,' where his duties do not expose him to a special or peculiar danger from the elements which caused the injury, greater than other persons in the community, such employee is not entitled to compensation under the Workmen's Compensation Act." Thus the Ohio court clearly bases its decision on the special circumstances involved in the work undertaken by the employee at the time which increased the hazards. The statement in the opinion seems to agree with that portion of the opinion of this court herein quoted from Ridenour v. Lewis, *supra*.

Further discussion of the many cases referred to by the plaintiff from other jurisdictions would extend this opinion needlessly. Nor is it necessary to refer to the many others cited by the defendant from various states which appear to agree with those of this court.

We consider our decision in Gale v. Krug Park Amusement Co., *supra*, controlling in the present case. There is nothing in the stipulation of facts that shows the decedent was exposed to any different hazard than that which applied to all mankind in the area where his death oc-

curred. He was driving his own car on the highway and met his death by a tornado, a hazard any other person in that locality might have been subjected to, either upon the highway or elsewhere. He was not engaged in protecting the property of the defendant at that time. Indeed, in the instant case the defendant did not determine the manner or time or order of the adjustment of the losses by the deceased. His death resulted from a tornado of which the defendant knew nothing and concerning which it gave no directions to the deceased. Its course was unforeseeable by man and appears clearly to have been an act of God. To hold the defendant liable under the Workmen's Compensation Act in such cases would make the employer an insurer of risks having nothing to do with the employment and not arising therefrom.

It follows that the errors assigned are without merit and the judgment of the trial court was right and is affirmed.

AFFIRMED.