317 N.W.2d 764 (1982)
211 Neb. 72
Peter James McGINN, Appellee,
v.
DOUGLAS COUNTY SOCIAL SERVICES ADMINISTRATION, County of Douglas, Appellant.
No. 44368.
Supreme Court of Nebraska.
March 26, 1982.
*766 T. J. Stouffer and Sheila Priluck of Cassem, Tierney, Adams, Gotch & Douglas, Omaha, for appellant.
John B. Ashford of Bradford, Coenen & Ashford, Omaha, for appellee.
Heard before KRIVOSHA, C. J., and BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.
CAPORALE, Justice.
This is an appeal from a judgment of the Nebraska Workmen's Compensation Court on rehearing which awarded plaintiff-appellee, James Peter McGinn, benefits under the provisions of the Nebraska Workmen's Compensation Act. The defendant-appellant, Douglas County Social Services Administration, the County of Douglas (Douglas County), asserts the compensation court erred so much as the evidence is insufficient to support a finding that Mr. McGinn's injuries resulted from an accident which arose either out of or in the course of his employment with Douglas County. We find the court below erred and reverse.
Findings of fact made by the Workmen's Compensation Court on rehearing have the same force and effect as a jury verdict in a civil case and, if supported by sufficient evidence, will not be disturbed on appeal unless clearly wrong. However, where there is not sufficient competent evidence in the record to warrant the making of the award, or the findings of fact do not support the award, this court must modify, reverse, or set aside the award. Neb.Rev. Stat. § 48-185 (Reissue 1978); Erving v. Tri-Con Industries, 210 Neb. 339, 314 N.W.2d 253 (1982); Union Packing Co. v. Klauschie, 210 Neb. 331, 314 N.W.2d 25 (1982); Husted v. Peter Kiewit & Sons Constr. Co., 210 Neb. 109, 313 N.W.2d 248 (1981).
With the foregoing standard of review in mind, the record establishes Mr. McGinn was employed by Douglas County as a social caseworker. On June 12, 1980, while en route to make a professional call on a recipient of social services provided by Douglas County, Mr. McGinn encountered a severe and unusual rainstorm accompanied by winds up to 100 miles per hour. The storm virtually eliminated visibility. While Mr. McGinn was in the process of trying to find a place to park and wait for the storm to abate, a portion of a tree fell on his car. As a result, Mr. McGinn's neck was broken and he is totally disabled. The compensation court made a specific finding that the plaintiff was exposed to a greater hazard than the general public because the presence of trees increased the dangerous effect of the windstorm. This particular finding, however, is not supported by the record. There is nothing in the record from which it can be concluded that the trees in this particular area of the city presented any different or greater risk than trees in any other area. Indeed, the record amply demonstrates that trees throughout the city were broken and severely damaged by the storm. The finding that the plaintiff was exposed to a greater risk than the public generally is clearly wrong and must therefore be, and is, rejected.
It is only when an accident arises both out of and in the course of employment that an employee is entitled to benefits under the provisions of the Nebraska Workmen's Compensation Act. Neb.Rev. Stat. § 48-101 et seq. (Reissue 1978). The term "arising out of" describes the accident *767 and its origin, cause, and character, i.e., whether it resulted from the risks arising from within the scope or sphere of the employee's job. The term "in the course of" refers to the time, place, and circumstances surrounding the accident. The two phrases are conjunctive and the claimant must establish by a preponderance of the evidence that both conditions exist. Union Packing Co. v. Klauschie, supra; Stoll v. School Dist. (No. 1) of Lincoln, 207 Neb. 670, 301 N.W.2d 68 (1981); Appleby v. Great Western Sugar Co., Inc., 176 Neb. 102, 125 N.W.2d 103 (1963).
There is no question but that Mr. McGinn suffered an accidental injury. Since the accident occurred while he was en route to visit with one of Douglas County's recipients, the accident occurred in the course of his employment. The crucial question in this case, however, is whether the accident arose out of his employment. The answer is controlled by our prior decisions.
It appears we first faced this question in Gale v. Krug Park Amusement Co., 114 Neb. 432, 208 N.W. 739 (1926). Therein, the deceased employee was killed when a building he was painting was lifted by a violent storm and thrown approximately 30 feet against a tree. We determined that the injury was not compensable, stating: "Thus, we conclude that injuries resulting from exposure to the elements, such as abnormal heat, cold, snow, lightning, or storms, are generally classed as risks to which the general public is exposed, and as not coming within the purview of workmen's compensation acts, unless the record discloses a hazard imposed upon the employee by reason of the employment greater than that to which the public generally is subjected." Id. at 437, 208 N.W. at 741.
We again addressed the question in Crow v. Americana Crop Hail Pool, Inc., 176 Neb. 260, 125 N.W.2d 691 (1964). The decedent was employed to adjust crop hail claims. While en route from one assignment to another, his automobile was struck by a tornado, and he died as a consequence of the injuries he suffered. Therein, we relied on the Gale decision and concluded the death did not arise from a hazard incident to decedent's work, but rather from a hazard common to mankind generally, saying: "There is nothing in the stipulation of facts that shows the decedent was exposed to any different hazard than that which applied to all mankind in the area where his death occurred. He was driving his own car on the highway and met his death by a tornado, a hazard any other person in that locality might have been subjected to, either upon the highway or elsewhere. He was not engaged in protecting the property of the defendant at that time. Indeed, in the instant case the defendant did not determine the manner or time or order of the adjustment of the losses by the deceased. His death resulted from a tornado of which the defendant knew nothing and concerning which it gave no directions to the deceased. Its course was unforeseeable by man and appears clearly to have been an act of God. To hold the defendant liable under the Workmen's Compensation Act in such cases would make the employer an insurer of risks having nothing to do with the employment and not arising therefrom." Id. at 265-66, 125 N.W.2d at 694-95.
It appears that Crow refined the Gale test somewhat in that Crow requires the risk to which the employee is subjected to be greater than that to which the public in the area where the injury occurred is subjected, rather than merely greater than that to which the public generally is subjected.
We encounter the rule again in Mead v. Missouri Valley Grain, Inc., 178 Neb. 553, 134 N.W.2d 243 (1965). In Mead the employee was required to seal boxcars in temperatures which varied between 12 degrees below to 7 degrees above zero. The boxcars were unprotected, open, unheated, and elevated above the ground so that cold air circulated above and below the surface on which the plaintiff worked, as well as through the boxcars. Mead, along with other employees, had objected to working because of the extreme cold, but was required to continue. In affirming the award of benefits by the Workmen's Compensation *768 Court, we took judicial notice of the fact that the general public in the community may be exposed to outside temperatures but are not generally exposed to a combination of conditions of outside work such as were present in the case. In our analysis we stated: "There is no evidence that general construction work in the community, or work of this type, is generally conducted at the temperatures and under the conditions present in this case. The risk of the cold was common to all outside, but the required conditions of this employment brought a danger and a peculiar aggravated risk which threatened more particularly the employees of defendant, of which plaintiff was one. [Citations omitted.]" Id. at 557, 134 N.W.2d at 247. We then applied the Gale-Crow rule that an injury caused by the elements arises out of employment only if the employee is exposed to a different hazard than mankind generally in the area where the injury occurred.
The most recent application of the rule is found in Ingram v. Bradley, 183 Neb. 692, 163 N.W.2d 875 (1969), wherein an employee of an outdoor movie theater was injured while working in a flimsily constructed, poorly maintained, and unsecured ticket booth resting on skids, which was blown over by a storm. In reversing a denial of workmen's compensation benefits, we concluded that the conditions of the employment environment accentuated the natural hazard from the storm. The increased hazard attendant to being in the booth contributed to the injury, and therefore the injury arose out of employment.
The evidence in the case before us fails to establish that Mr. McGinn was exposed to any risk greater than that to which others in the area were exposed. It therefore cannot be said that Mr. McGinn's injury and resultant disability, tragic as it is, arose out of his employment.
To be sure, we have allowed recovery where the duties of employment increase an employee's exposure to the hazards of the street which are caused by human agency. Thus, in Good v. City of Omaha, 125 Neb. 307, 250 N.W. 61 (1933), we allowed recovery when an employee was rendered totally disabled as the result of a brick intentionally thrown at him without provocation by another. In Goodwin v. Omaha Printing Co., 131 Neb. 212, 267 N.W. 419 (1936), we allowed recovery when an employee was shot and killed by a hitchhiker. At first blush it might appear paradoxical to allow recovery for injuries stemming from street risks created by human agency and deny recovery for such risks caused by acts of nature which do not present a greater hazard to the employee than to the general public in the area. On the contrary, however, analysis reveals the distinction to be logical. Allowing recovery for street risks caused by human agency results from the predictable nature of the fact that if one's employment requires him to be exposed to a greater number of human actors than would otherwise be the case, his risk of injury caused by such actors has been increased. On the other hand, when and where risks created by nature will occur cannot be predicted. Thus, it cannot be said that the duties of employment in and of themselves increase the risk of injury by acts of nature, unless they expose the employee to a greater degree of hazard than that to which the general public in the area is exposed.
Mr. McGinn asks us to find the accident caused by an act of nature arose out of his employment simply because he was where he was required to be at the time the injury occurred. Were we to so hold, we would have effectively written the "arising out of" employment requirement out of the act and made it synonymous with the phrase "in the course of." This we cannot do. The Legislature has required that both conditions be met as a prerequisite to an employer's liability under the Workmen's Compensation Act.
Accordingly, the judgment and award of the Nebraska Workmen's Compensation Court is reversed with directions to dismiss the action.
REVERSED AND REMANDED WITH DIRECTIONS.
*769 WHITE, J., dissents.
KRIVOSHA, C. J., and McCOWN, J., join in this dissent.
WHITE, Justice, dissenting.
I dissent. Neb.Rev.Stat. § 48-101 (Reissue 1978) states: "When personal injury is caused to an employee by accident or occupational disease, arising out of and in the course of his or her employment, such employee shall receive compensation therefor from his or her employer if the employee was not willfully negligent at the time of receiving such injury."
Nebraska currently recognizes the increased risk test for determining whether injuries arise out of an employee's employment. Generally stated, the increased risk test requires that an employee's employment duties must expose that employee to a greater risk or hazard than that to which the general public in the area is exposed.
The evidence shows that the city of Omaha had a severe wind and rainstorm. The claimant, a social worker, was on his way to visit a recipient of social services at the time he was injured. The Workmen's Compensation Court found that the claimant was subjected to greater exposure to risk than the general public because of the presence of trees in the area. I also believe he was subjected to a greater risk than the general public in the area. The claimant was in his automobile under a tree during a violent windstorm. The general public in the area, as the record showed, were sheltered inside their homes. In order to compare the claimant's exposure to that of the general public in the area, we must ask: What does an average person, free of the obligations of any particular employment, do under the same weather conditions? I would expect that any sane person that is not required to be out in the storm would have enough sense to seek shelter or stay inside. The claimant's employment required that he be outside in the storm and this increased his exposure to the risk of being injured in the storm.
I fail to find any logic in the distinction drawn by the majority in the Good v. City of Omaha, 125 Neb. 307, 250 N.W. 61 (1933), and Goodwin v. Omaha Printing Co., 131 Neb. 212, 267 N.W. 419 (1936), cases. The risk of being shot, hit with a brick, and having a tree branch fall on a car are equally unpredictable.
I would abandon the increased risk test for determining whether an injury arises out of an employee's employment and, instead, adopt the positional risk test.
Under this theory, an employee's injuries would be compensable as long as his employment duties put him in a position that he might not otherwise be in which exposes him to a risk, even though the risk is not greater than that of the general public. In 1 Larson, Workmen's Compensation Law § 8.12 at 3-20 (1978), the positional risk test is stated as follows: "`[W]hen one in course of his employment is reasonably required to be at a particular place at a particular time and there meets with an accident, although one which any other person then and there present would have met with irrespective of his employment, that accident is one "arising out of" the employment of the person so injured.'" Plaintiff would recover under this theory also since his employment required him to be in that particular place at that particular time. This test would eliminate some of the absurd results we have under the increased risk test. As can be seen in our act of God cases, it is nearly impossible for an employee to show an increased exposure to the risk. The positional risk test allows the employee whose employment requires him to be out in bad weather to recover if he is injured in the course of his employment. However, under either theory, the employee's injuries are compensable.
KRIVOSHA, C. J., and McCOWN, J., join in this dissent.