JAMES R. RENSHAW, APPELLANT, V. MERRIGOL-ADLER
BAKERY, DEFENDANT AND THIRD-PARTY PLAINTIFF,
APPELLEE,
STATE OF NEBRASKA, SECOND INJURY FUND,
THIRD-PARTY DEFENDANT, APPELLEE.
325 N.W.2d 46

Filed October 8, 1982.  No. 82-107.

Kutak Rock & Huie, for appellant.

Hansen, Engles & Locher, P.C., for appellee Mer-rigol-Adler.

Paul L. Douglas, Attorney General, and John R. Thompson, for appellee Second Injury Fund.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

This appeal seeks to reverse a judgment of the Ne-

braska Workmen's Compensation Court on rehearing denying the plaintiff-appellant benefits under the provisions of the Nebraska Workmen's Compensation Act. Appellant argues that the compensation court's finding that he failed to prove his disability resulted from an accident arising out of and in the course of employment is clearly wrong. We disagree with that contention, and affirm the judgment of the compensation court.

It is axiomatic that findings of fact made by the Workmen's Compensation Court on rehearing have the same force and effect as a jury verdict in a civil case and, if supported by sufficient evidence, will not be disturbed on appeal unless clearly wrong. *Butler v. Midwest Supply Co., ante* p. 421, 322 N.W.2d 815 (1982); *McGinn v. Douglas County Social Services Admin.,* 211 Neb. 72, 317 N.W.2d 764 (1982). It is equally well established that in a workmen's compensation case the burden of proof is upon the plaintiff to prove by a preponderance of the evidence that he is suffering from a disability and that such disability is the result of an accident arising out of as well as in the course of his employment. *McGinn v. Douglas County Social Services Admin., supra; Union Packing Co. v. Klauschie,* 210 Neb. 331, 314 N.W.2d 25 (1982); *Stoll v. School Dist. (No. 1) of Lincoln,* 207 Neb. 670, 301 N.W.2d 68 (1981). The term "arising out of" describes the accident and its origin, cause, and character, i.e., whether it resulted from the risks arising from and within the scope or sphere of the employee's job. *McGinn v. Douglas County Social Services Admin., supra; Union Packing Co. v. Klauschie, supra; Stoll v. School Dist. (No. 1) of Lincoln, supra.*

We look at the record in light of the foregoing rules of law. Appellant testified that on or about August 15, 1980, while washing utensils inside the Merrigol-Adler Bakery building, he felt a sudden pain at his nose and, although he did not see any,

concluded that he had been bitten by some insect at that time. He gave this history on various occasions, but also, on at least one occasion, said he did not know where or when he had been bitten. Following a complicated course of medical treatment, during which his life was at risk, appellant now claims to suffer a 100 percent loss of vision of his left eye and a lung disability as a consequence of the subject occurrence, which, when combined with a previous hand injury, renders him totally disabled. The medical evidence ranges from an opinion that the illness in question began as a subcutaneous abscess on the tip of appellant's nose from an undiscerned source to an opinion that, if appellant's history is correct, it is reasonable to believe that the inciting event was the insect bite. The record also contains an expert opinion that because of the various insect control measures in place at the Merrigol-Adler premises, one encountered less risk of being bitten by an insect on those premises than is encountered by the general public.

Even if the compensation court were to have found that appellant indeed had been bitten by an insect on August 15, 1980, as described by him, it could not be said the compensation court was clearly wrong in finding that the accident did not arise out of appellant's employment with .defendant Merrigol-Adler Bakery. Injuries arising from exposure to a natural phenomenon do not arise out of employment unless the hazard imposed upon the employee by reason of the employment is greater than that to which the public generally in the area of hazard is subjected. *McGinn v. Douglas County Social Services Admin., supra; Ingram v. Bradley,* 183 Neb. 692, 163 N.W.2d 875 (1969); *Mead v. Missouri Valley Grain, Inc.,* 178 Neb. 553, 134 N.W.2d 243 (1965); *Crow v. The Americana Crop Hail Pool, Inc.,* 176 Neb. 260, 125 N.W.2d 691 (1964); *Goodwin v. Omaha Printing Co.,* 131 Neb. 212, 267 N.W. 419 (1936); *Good v. City of Omaha,* 125

Neb. 307, 250 N.W. 61 (1933); *Gale v. Krug Park Amusement Co.,* 114 Neb. 432, 208 N.W. 739 (1926).

Moreover, the medical evidence falls short of the requisite standard for establishing a causal relationship between the claimed occurrence and the resultant disability. See *Husted v. Peter Kiewit & Sons Constr. Co.,* 210 Neb. 109, 313 N.W.2d 248 (1981), holding testimony that it was "more likely" than not that the event in question caused the disability to be inadequate.

It cannot be said that the findings of the compensation court were clearly wrong; its judgment must therefore be affirmed.

AFFIRMED.

KRIVOSHA, C.J., McCOWN, and WHITE, JJ., concur in the result.